Argued February 24, decided March 21, 1911.

## CITY OF PORTLAND v. METZGER.

[114 Pac. 106.]

WATERS—RIGHT OF WAY FOR PIPE LINES—GRANTS—CONSTRUCTION.

1. A grant to a city of a right of way to convey water to it by pipes, which provides that nothing in the grant shall be construed to give to the city the right to fence the right of way, or to prevent the passage of stock or teams from one side to the other, or in any manner to control the land occupied by the pipes, except for the purposes specified, gives to the city the right to control the way only so far as necessary to construct and maintain the pipe lines, but the grantor has no right to the exclusive occupancy of the way, so that he may not erect building thereon.

WATERS—RIGHT OF WAY—DESCRIPTION.

2. Where a grant of a right of way in such direction as the grantee might determine described the starting point of the way, and thence south 80¼ degrees east 600 feet more or less to a road, etc., and the way selected and acquiesced in was wholly within the line given in the deed, the description in the deed was sufficiently definite, in the absence of any controversy as to its true boundaries.

WATERS—GRANTS FOR PIPE LINES—RIGHTS ACQUIRED.

3. A grant to a city of a right of way to construct and maintain pipe lines for a distance of 40 miles, to supply the city and its inhabitants with water, grants to the city the right to maintain a telephone line convenient for the proper repair, maintenance, and operation of the pipe lines.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

By authority of an act of the legislative asembly of date November 25, 1885 (Sp. Sess. Laws 1885, p. 97),

plaintiff constructed, during the years of 1890 to 1894, a pipe line and water system from the head waters of Bull Run River northwesterly to the city of Portland, a distance of about 40 miles, for the purpose of supplying the people of the city with water, and for fire protection, etc., at an expense of more than $1,500,000; that among other rights of way acquired therefor plaintiff, on October 15, 1891, purchased from Steven and Mary Roberts a right of way through a tract of land owned by them. The portion of the deed material to the issue here is as follows:

"Therefore, the said party of the first part, in consideration of the sum of fifty dollars, to us in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, and to secure to said party of the second part a right of way across the tract of land hereinafter described, for the purpose of conveying the said supply of water by a pipe or pipes, or other conduit or conduits, to the city of Portland, does hereby grant, bargain, sell, and convey, unto the said party of the second part, and to its successors and assigns forever, a right of way in such direction as the city may determine, not to exceed thirty-three feet in width, through and across a tract of land lying in the county of Multnomah, in the State of Oregon, and described as follows: Commencing at a point three hundred and thirty-three (333) feet north of the southwest corner of the James Powell donation land claim and running thence south $80\frac{1}{4}°$ east six hundred feet (600) more or less to the Powell Valley Road, thence east in and on the Powell Valley Road to the southeast corner of our land, all in section ten (10) township one south, range three east, together with the right and privilege to enter upon the said tract of land with agents, employees, teams and implements, for the purpose of digging the trenches or doing any other work which may be necessary during the first construction of the pipes or conduits, or for amending, maintaining, or repairing the same at any time thereafter: Provided, that said pipes or conduits shall be laid in trenches and at least two feet below the surface of the ground,

except where, from a depression of the ground or other cause, it may be necessary or convenient to place them above the surface; and provided also, that nothing in this deed shall be construed to grant to the said party of the second part, its successors or assigns, the right to make fences along the said right of way, or to prevent the passage of stock or teams from one side to the other, or in any manner to control the land occupied by said pipes or conduits, except for the purposes above specified; and provided further, that all damage that may result by the action of the said party of the second part, its agents or employees, to the owner or occupant of said premises, by injuring or destroying the products thereof, or the enclosures, fences, or buildings thereon, either by laying or constructing, or by the subsequent breaking of the pipes, or by repairing the same, shall be paid by the party of the second part, its successors or assigns, to the person to whom they may rightfully belong."

The city thereupon surveyed the right of way upon the line above described and constructed the pipe line thereon, the center of which is eight feet north of the south line of the right of way so surveyed, the pipe being of heavy steel, and at that point about 30 inches in diameter, and when filled with water has a pressure of about 125 pounds to the square inch. This pipe line has been furnishing water to the city ever since its completion, about the year 1895, and incident to its construction, operation, and maintenance the city has at all times maintained a telephone line thereon or adjacent thereto. At the time of the execution of the deed of conveyance, Roberts and wife platted a portion of their land into town lots, called Gresham, across which the right of way lies. Defendants, since 1900, have been the owners of lot 4, in block 1, of said plat, which is crossed by the right of way. They have erected upon such lot a building, which extends across the right of way, and are about to build another thereon; and have removed one of plaintiff's telephone poles and otherwise interfered with tele-

phone line thereon.   Plaintiff brought this suit for the
purpose of enjoining them from obstructing the right
of way or erecting the building thereon, or interfering
with the telephone line, alleging the matters above stated.

Defendants deny plaintiff's right, as stated in the com-
plaint, except its right to maintain a pipe line under-
ground; and allege that they have the right to occupy
the surface of the right of way on lot 4.   Upon the trial
the court found the facts in plaintiff's favor, and ren-
dered a decree enjoining defendants from interfering
with plaintiff's use of the right of way or operation of
the pipe and telephone lines.   Defendants appeal.

Affirmed.

For appellants there was a brief and an oral argument
by *Mr. James N. Davis.*

For respondent there was a brief over the names of
*Mr. John P. Kavanaugh, Mr. H. M. Tomlinson* and *Mr.
W. C. Benbow,* with an oral argument by *Mr. Benbow.*

Opinion by Mr. Chief Justice Eakin.

1. The question for consideration is to determine the
extent and character of plaintiff's rights under the deed.
There is very little dispute as to the facts.   The grant
in the deed is a right of way 33 feet wide, through and
across the tract of land owned by the grantors, for the
purpose of conveying water to the city of Portland by
a pipe or pipes, conduit or conduits.   There are three
provisos in the deed, two of which are limitations upon
plaintiff's use of the way.   The first proviso relates only
to the depth of the trenches for the pipes.   The second
contains the provision upon which defendants rely in this
suit:

"Provided, also, that nothing in this deed shall be con-
strued to grant to the said party of the second part, its
successors or assigns, the right to make fences along the
said right of way, or to prevent the passage of stock or

teams from one side to the other or in any manner to control the land occupied by said pipes or conduits, except for the purposes above specified."

The third proviso relates only to plaintiff's liability for damages. The second proviso does not reserve to the grantors the right to exclusive occupancy of the ground. It prohibits the city from fencing the way or controlling it, except for the purpose specified, namely, constructing the pipe line or lines, or repairing them at any time. The language of the deed is not of doubtful meaning. It grants to plaintiff free access to the whole of the right of way for the purpose for which it is granted, but it must permit the passage of stock and teams. In other words, plaintiff cannot exclude the grantors or their stock therefrom; it cannot cultivate or crop the ground, or lease it, or have any other control of it than such as is necessary for the construction or maintenance of the pipe line or lines, but the whole of the way is available to plaintiff for such purpose, and its grantors or their grantees have no right to the exclusive occupancy of it, which would be the effect of the erection of buildings thereon.

2. Defendants contend that the description of the property contained in the deed is insufficient to identify any definite property. In establishing the course of the line of the way across the premises of the grantors from the starting point, the language is "thence south 80¼° east," which defendants read as "south 80' 14° east." The original deed is before us, and it will not bear such a reading. The deed described only one line across the premises but provided for "a right of way in such direction as the city may determine." The line given in the deed is wholly within the way selected and has been acquiesced in from the time of the execution of the deed, and there has been no controversy in this suit as to the true boundaries of the way.

At the oral argument defendants' counsel contended that the city has no right to maintain a telephone line on the way. The uses and purposes for which the way is granted included doing any work which may be necessary for maintaining, repairing, and operating the pipe line, which will include the maintenance of a telephone line, if the same is necessary or convenient for the proper or prompt repair, maintenance, or operation of the line, which necessity is very apparent. This is the rule in cases of railroad rights of way, where the telegraph line is for the exclusive use of the railway company in the operation of the road. Lewis, Em. Dom. § 141; *Western Union Telegraph Co.* v. *Rich,* 19 Kan. 517 (27 Am. Rep. 159) ; *American Telephone Co.* v. *Pearce,* 71 Md. 535 (18 Atl. 910: 7 L. R. A. 200) ; *Hodges* v. *Telegraph Co.,* 133 N. C. 225 (45 S. E. 572). And we think the rule is equally applicable for a gravity pipe line of the length and importance of this one in supplying water to a large city, and is therefore not an additional burden upon the easement.

The decree is affirmed.                              AFFIRMED.