Submitted without argument April 4, decided April 11, 1911.

# TONE v. TILLAMOOK CITY.

[114 Pac. 938.]

EASEMENTS—INSTRUMENTS CREATING—CONSTRUCTION.

1. Whether a reservation or covenant in a deed creates an easement in gross or one appurtenant to the land must be deduced from the deed, if unambiguous, but, if ambiguous, from the circumstances surrounding its execution, but favoring an instrument conveying an easement appurtenant.

DEEDS—NECESSITY OF WORD "HEIRS"—ESTATE IN FEE.

2. The word "heirs" is not necessary to create an estate in fee.

DEEDS—CONSTRUCTION.

Under Section 7103, L. O. L., a covenant in a deed which operates as a re-grant of a part of the estate conveyed conveys to the grantor an assignable interest, unless it appears by necessary implication that a less estate was intended.

WATERS—INSTRUMENT CREATING EASEMENT—CONSTRUCTION.

4. A deed to a city for a right of way to construct and maintain a pipe line for its water system executed for a recited consideration of $1.00, which recites that the city covenanted that the grantors shall have the free use of a designated quantity of water from the pipe line on compliance with the covenants to permit the city to go over the land and perform acts necessary to carry into effect the purposes of the grant, and not to interfere with the pipe line or the operation thereof, and to be governed by the ordinances and regulations of the city for the operation of its water system, creates an assignable estate in the grantors in the quantity of water reserved, and, unless subsequent conveyances by the grantors otherwise provide, the purchaser of any fraction of the original quantity is entitled to such a proportional quantity of the water reserved as his fraction of the land bears to the whole tract.

MUNICIPAL CORPORATIONS—ULTRA VIRES ACTS—VALIDITY.

5. Where a city obtaining a right of way for a pipe line for its water system covenanted that the grantors should have the right to take free a specified quantity of water, and the covenant was the main consideration for the conveyance, the ctiy not prohibited by its charter from making the contract could not, while retaining the fruits of the contract, urge that it was void because *ultra vires*.

MUNICIPAL CORPORATIONS—ESTABLISHMENT OF WATER SYSTEM—PRO-
        PRIETARY POWERS.

6. The power of a city to provide a water system is proprietary, and a city, when engaged in prosecuting such an improvement, is clothed with the same authority and subject to the same liability as a private citizen.

WATERS—WATER SYSTEM—RIGHT OF WAY—OBLIGATION.

7. A deed to a city of a right of way for a pipe line for its water system, which recites that the grantors shall have the free use of a specified quantity of water from the pipe lines on compliance with

enumerated requirements, does not require the city to perpetually convey water through the pipes, but it may at any time relieve itself from the obligation by taking some other route than that across the land conveyed.

From Tillamook:  GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit brought by George Tone and Alice J. Tone, husband and wife, to enjoin defendant from interfering with plaintiffs in diverting water from defendant's pipe line, and involves the construction of a deed from plaintiff's grantor to defendant, the material part of which is as follows:

"That we, Henry Lowry and Cora Lowry, his wife, of Tillamook County, State of Oregon, for the consideration of the sum of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, and of the covenants and agreements hereinafter expressed, have given and granted unto Tillamook City, Oregon, a perpetual right of way over and across, and an easement in, the land hereinafter described, for the purpose of clearing, trenching for, laying, constructing, maintaining, operating, and repairing a pipe line for a water system for said Tillamook City; said land being described as follows, to wit:  A strip of land twenty feet wide, across the S. E. ¼ of the N. E. ¼ of section 6 township two south range nine west of the Willamette meridian in Oregon, where the survey for the proposed Tillamook City water system has been made, or where the pipe line of said system may eventually be laid.  To have and to hold the same unto the said Tillamook City, Oregon, for the uses and purposes herein set out.  The said Tillamook City, Oregon, hereby covenants to and with the grantors herein, that they are to have the free use of water from said pipe line when the same shall have been completed, upon the compliance of the grantors with the following covenants:  The said grantors, their heirs, executors, administrators, and assigns, hereby covenant to and with the said Tillamook City, that its officers, agents, or employees may at any and all times when necessary or convenient to do so, go over or upon said described strip of land, and to do and perform any and all acts necessary or convenient to the carrying into

effect the purposes for which this grant is made; that neither they nor any or either of them shall disturb, injure, molest, or in any manner interfere with any pipe line or material for laying, maintaining, operating or repairing the same, in, over or upon said described premises, and that in the use of water from said pipe line when so laid, they and each of them shall be governed by, and comply with, all of the covenants of this grant, and also all of the rules, by-laws, ordinances and regulations, that may hereafter from time to time be made or adopted by the said city or its proper officers, for the management, government, operation or control of any water system installed or operated by said city, as far as the same may be applicable, provided that the use of water from said pipe line shall be restricted to a pipe not larger than one-half inch in diameter, and not more than two pipes."                                        AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 16 of the Supreme Court, 50· Or. 580 (91 Pac. VIII).

For appellant there was a brief over the names of *Messrs. Talmags & Johnson,* and *Mr. Oak Nolan.*

For respondents there was a brief over the name of *Mr. H. T. Botts.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The principal question to be considered is the nature and extent of the covenants in the conveyance from Lowry and wife to the defendant. Whether a reservation or covenant in a deed shall be construed to create an easement in gross or one appurtenant to the land is a matter to be deduced (1) from the terms of the instrument itself; or (2), if that is ambiguous, then from a consideration of all the circumstances surrounding its execution, always bearing in mind the rule that courts should construe an instrument to convey an easement appurtenant, rather than one in gross. 10 Am. & Eng. Enc. Law (2 ed.) 405; *Ruhnke* v. *Aubert,* 58

Or. 6 (113 Pac. 39), and cases there cited. In the case at bar the covenants of the defendant are a part of the consideration for the land. Indeed, it is fair to assume that they constitute the only consideration beyond the nominal sum of $1.00 recited in the deed.

2. In this State the word "heirs" is not necessary to create an estate in fee.

3. Such a covenant operates as a re-grant of a portion of the estate already conveyed, its effect, as we held in *Ruhnke* v. *Aubert,* was to convey to Lowry and wife an assignable interest or right, unless it appears by necessary implication that a less estate was intended. Section 7103, L. O. L.

We find nothing in this conveyance that either by express terms or by necessary implication indicates that the grantors were to take merely a temporary personal right to the water which was to be conveyed across their premises. The burden upon their land was perpetual, and, as we have held lately in *Portland* v. *Metzger,* 58 Or. 276 (114 Pac. 106) includes the right on the part of defendant to erect telephone poles and string wires from the city to the headworks; to prohibit the grantor from erecting buildings upon the strip granted; to allow the servants of the city, in the necessary repair of its pipe line, to pass along the strip on foot or in wagon; and to dig the soil or lay additional pipes. Such a servitude must necessarily affect, to some degree, the free use and value of the property, and will do so to a greater extent as the city increases in population and the necessity for more frequent and extensive use of the right of way consequently increases.

4. These considerations would indicate the probability of an assignable estate being created rather than to necessarily imply that something less than that was intended. If the easement were assignable, the depreciation in the

Sig. 13

value of the estate caused by the servitude imposed upon it would be to some extent, and perhaps entirely, recouped by the increased value added to it by the privilege of obtaining water conveniently. The suggestion that in case the court should hold that the conveyance in question creates interest appurtenant to the land each subsequent purchaser of a parcel of it will be entitled to the whole quantity of water reserved to the grantors is unsound. The right is limited to a particular quantity, and, unless subsequent conveyances otherwise provide, the purchaser of any fraction of the original quantity will be entitled to such a proportional quantity of the water reserved as his fraction of the land bears to the whole tract: *Ruhnke* v. *Aubert,* 58 Or. 6 (113 Pac. 39).

5. Also the suggestion that the covenant was one beyond the authority of the city to make, and is void, therefore cannot be considered so long as the city retains the fruits of the contract. The covenant that the grantors which we have already held includes their assigns were to have the right to take free a certain quantity of water was a consideration for the deed, perhaps the main consideration, and, until defendant abandons or offers to reconvey the right of way granted, it cannot be heard to say that its contract was *ultra vires,* unless there is shown some provision of its charter absolutely or by necessary implication prohibiting it from so contracting. We do not find such provision in the charter of the defendant.

6. The power to provide a water system is not governmental nor legislative in its character, but strictly proprietary, and the city, when engaged in prosecuting such an improvement, is clothed with the same authority and subject to the same liabilities as a private citizen. This has been held by this court in an opinion by Mr. Justice BEAN, which has become a leading case on this subject:

*Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961: 43 L. R. A. 435: 75 Am. St. Rep. 651).

7. There is no question of the city granting a perpetual franchise involved in this case. The city needed the right of way and took it, subject to the burden of this easement. It did not obligate itself to perpetually convey water through its pipes, and may at any time relieve itself from the obligation of doing so by taking some other route than that across the plaintiffs' land. While regulations as to the manner of using the water and management of the business may be prescribed by ordinance or resolution, the legal position of the city is that of a proprietor, and we see nothing in the construction which we have given that interferes with any regulation that it may make unless it attempts to evade its contract.

The decree of the circuit court is affirmed.

AFFIRMED.

Mr. Justice BURNETT took no part in this decision.