Argued September 9, reversed November 5, 1974

HALL ET UX, *Respondents, v.* MEYER, *Appellant.*

527 P2d 722

*Allen L. Fallgren,* Portland, argued the cause and filed a brief for appellant.

*David B. Williamson* of Williamson & Whipple, St. Helens, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and SLOPER, Justices.

O'CONNELL, C. J.

This is a suit in equity in which plaintiffs seek to enjoin defendant's interference with an alleged easement to take water from a spring on defendant's land and to recover damages for defendant's interference with the easement. The trial court entered a decree declaring plaintiffs the owners of an estate in fee simple in the spring and awarding damages in the amount of $451. Defendant appeals.

Plaintiffs rest their claim to the spring waters upon the following series of conveyances. Prior to 1956, Martin Peterson owned a tract of land bisected by a county road running north and south. In that year he conveyed the portion west of the road to the defendant by a deed containing the following reservation:

> "Granting hereby also the SE ¼ of the NE ¼ of Section 13, T4N, R5W, Will. Mer. Columbia County, Oregon, upon which is a Spring of water, and upon which the grantors herein reserve for themselves, and the pipe line now installed from the Spring to the dwelling of the grantors; ALSO: reserving a right-of-way along the pipe line to said spring, for

the purpose of making repairs on said pipe line, or for cleaning said Spring."

In 1962 Peterson sold to Lucore the east parcel, together with the rights previously reserved in defendant's tract.[1] Lucore sold the east parcel and the rights to the spring to Markham. In 1969, Markham sold his "right, title and interest" in the spring to Gibson, who owned a parcel immediately to the south of the Peterson tract. This parcel had never been owned by Peterson. In 1972, Gibson sold the south parcel to plaintiffs. As a part of the transaction, Gibson purported to transfer to plaintiffs by separate instrument the water rights originally retained by Peterson. Soon thereafter defendant cut the pipeline and this suit resulted.

1. The trial court interpreted the reservation in the deed from Peterson to defendant as reserving to Peterson an estate in fee simple in the spring. Even if it is possible to create an estate in a spring,[2] a question which we need not decide in this case, the reservation in question is not sufficient to do so. Because "[a]n easement and a possessory estate are similar in that each entitles the owner thereof to the use of land,"[3] the courts have evolved a set of constructional preferences calculated to reflect the most

---

[1] This transfer of the reserved rights included a reservation of rights for household water to Gus Holt, who lived to the north of Meyer on land never owned by Peterson. Mr. Holt is not a party and his interests are not a subject of this litigation.

[2] *See* Skinner v. Silver, 158 Or 81, 100, 75 P2d 21 (1938); Restatement of Property § 9 (1936), and 5 Restatement of Property § 471, comment *b* and *d* (1944).

*Cf.,* Comment, 34 Or L Rev 256, 259 (1955); Hahner, An Analysis of Profits a Prendre, 25 Or L Rev 217, 219 (1946).

[3] 3 Powell on Real Property, ¶ 407 at 417 (1973).

probable intent of the parties in the usual case. As stated by Powell:

> "* * * There is a general constructional preference for the one of two possible meanings which is 'against the grantor.' (Citations omitted). When, however, the problem takes the form of 'easement or estate,' the generally prevailing attitude is favorable to the finding of an easement wherever that type of interest serves the manifested purpose of the parties. (Citations omitted)."[4]

Similarly, 5 Restatement of Property § 471 states:

> "In determining whether a conveyance creates an easement or an estate, the following factors are important
>
> "(a)  the degree of precision with which the conveyance describes that part of the conveyor's land affected by it; and
>
> "(b)  the extent to which the conveyance limits the uses authorized by it."[5]

Applied to the present case, these principles can lead to only one result. The reservation should be construed against the grantor, Peterson, and in favor of defendant. Peterson's obvious purpose of retaining a water supply for the land retained is fully effected by an easement. There is no precision in the description of the area involved, thus indicating a lack of intent to convey an estate. The use of defendant's land is restricted to the taking of water, a common subject of easement.[6]

---

[4] *Id. See* Ruhnke v. Aubert, 58 Or 6, 113 P 38 (1911).

[5] *See also,* comment *d* to § 471, 5 Restatement of Property (1944).

[6] Owen v. Field, 102 Mass 90, 103 (1869). Goodrich v. Burbank, 94 Mass 459, 97 Mass 22, 90 Am Dec 161 (1866), relied on by plaintiffs and the court below, does not involve the conveyance of a fee interest as suggested in the trial court's written opinion. In that case it was held that an *easement in gross* had

■■ There remains the question whether the easement thus created is an easement appurtenant to the tract retained by Peterson or an easement in gross which could be transferred to plaintiffs for use on non-dominant land. There is an extremely strong constructional preference for the finding of an easement appurtenant rather than in gross.[7] The reservation does not contain language sufficient to override that preference.[8] Instead there is specific reference to the dwelling of the grantor Peterson, indicative of the intent to create it as the dominent estate of an easement appurtenant.

Since we hold the rights created in the reservation under which plaintiffs claim to be appurtenant to land which plaintiffs do not own, plaintiffs have no rights in the spring or pipeline.

The decree of the trial court is reversed.

---

been created. *See* Sweetland v. Grants Pass Power Co., 46 Or 85, 93, 79 P 337, 340 (1905) for citation of *Goodrich* for the proposition that an easement in gross for the taking of water is possible.

[7] 3 Powell on Real Property ¶ 405, pp. 397-398 (1973); Ruhnke v. Aubert, 58 Or 6, 113 P 38 (1911).

[8] *Compare* Goodrich v. Burbank with Owen v. Field, *supra* note 6.