Argued and submitted February 11, appeal dismissed April 21, 1980

HANNEMAN, et ux,
*Respondents,*
*v.*
JONES, et ux,
*Appellants.*

(No. 24643, CA 14571)

609 P2d 912

Paul J. Lipscomb, Salem, argued the cause for appellants. With him on the briefs was Blair, MacDonald, Jensen & Lipscomb, Salem.

Stephen T. Janik, Portland, argued the cause for respondents. With him on the brief was Charles F. Adams, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P.J.

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

Plaintiffs brought this declaratory judgment suit, seeking, first, a declaration of rights under an easement executed by plaintiffs' predecessors in title, the Gibsons, and defendants' predecessors in title, the McAllisters; and second, a permanent injunction against defendants' further use of plaintiffs' property under claim of the easement. Both parties moved for summary judgment pursuant to former ORS 18.105. The court granted plaintiffs' motion and denied defendants'. Defendants appeal.

The easement which is the subject of this controversy reads:

"*EASEMENT*

"I, Lee A. McAllister, and I, Nell C. McAllister, his wife, do hereby give, grant and convey unto Virgil Lee Gibson, Duane Gibson, Fred Gibson, and Rex Gibson, a perpetual easement, over and on the following described premises situated in Polk County, Oregon:

[Description omitted]

"This easement shall run with the land of the grantees which land adjoins the above described premises.

"The purpose of this easement is to permit the grantees the use of such land covered by the easement for reservoir purposes, for the flooding thereof with water for storage of water for irrigation purposes, and for recreational purposes.

"There is also hereby granted to the grantees the right of ingress and egress to such property over and across the remaining property of the grantors.

"*As part of the consideration for the granting of this easement, the grantees hereby grant to the grantors the right of ingress and egress over and across the adjoining property of the grantees for the purpose of the grantors' inspecting the property and also to use the reservoir for recreational purposes including the right to fish and take fish therefrom.*

"This easement shall be perpetual conditioned only upon the payment by the grantees to the grantors,

[1007]

their successors or assigns, of a sum equal to 6 percent of the true cash value of such real property herein described, such true cash value to be taken from the assessment roll of the assessor of Polk County, Oregon, and now fixed in the amount of $320.00. Such 6 percent of such true cash value shall be paid annually on or before the first day of May of each year and the grantors shall calculate and determine such sum and render their statement to the grantees on or before the first day of April of each year.

"It is understood that the grantees, their successors and assigns shall be permitted to store water upon said easement to a depth of ten (10) feet.

"In the event the grantees shall fail to pay the annual amount herein reserved or abandon the reservoir, then this easement shall cease and determine and a court of competent jurisdiction shall be permitted to determine such fact.

"This easement shall be for the benefit of the grantees, their heirs, successors and assigns." (Emphasis supplied.)

The issue, as formulated by the parties, is whether the reciprocal easement granted by the Gibsons to the McAllisters through the emphasized language is an easement appurtenant which inures to the benefit of defendants as the successors to the McAllisters, or was intended as an easement in gross which was to be enjoyed only by the McAllisters and which was to terminate upon the transfer of their interest in this property.

In the trial proceedings and here, both parties made arguments which presuppose that the language of the instrument is ambiguous and that the intent of its signatories must be ascertained from extrinsic evidence as well as from the language used. When an instrument is ambiguous, the intent of the parties is a question of fact. *See, e.g., Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978); *Tone v. Tillamook City,* 58 Or 382, 384, 114 P 938 (1911). Plaintiffs rely heavily on the deposition of

Duane Gibson, the only survivor of the four brothers who were plaintiffs' predecessors in interest, as showing that the reciprocal easement was intended to benefit only the McAllisters. The deposition is one of the documents upon which plaintiffs based their motion for summary judgment. Obviously, plaintiff relies on the deposition to prove a material fact about which the parties disagree. In sum, it is hard to imagine circumstances under which a summary judgment could be less appropriately sought or granted.

After the cross-motions for summary judgment were filed, defendants' counsel stated in a letter to the court that "[a]ll parties have agreed to submit this case on the record at this point without the taking of any further evidence on the issue of whether the easement is appurtenant or in gross." Clearly, the parties were entitled to stipulate that the case could be tried without further amplification of the record. However, the parties could not agree that, if a controverted and material factual question existed in the record, the court could decide the case *by summary judgment* without determining that factual issue. *See* former ORS 18.105(3).

The operative portion of the court's order and judgment states:

"IT IS ORDERED, ADJUDGED, AND DECREED

"1. That defendants' motion for summary judgment be, and hereby is, denied; and

"2. That plaintiffs' motion for summary judgment be, and it hereby is, granted; and,

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs recover from the defendants the sum of $_____ for the costs and disbursements of this action."

In the absence of the court having declared its findings, we are unable to look behind the trial court's order to determine whether the factual issue of intent was decided and a conclusion of law reached, or whether, as the order actually says, the trial court

made its determination on the basis of the motions for summary judgment, *i.e.,* that there is no issue of fact.

Were the foregoing the only procedural problem in this case, we would still be able to reach the merits. The case is in equity. Our review is *de novo,* and the parties have stipulated that the evidence in the record is all the evidence they intend to adduce. However, there is a second procedural problem, and we have no jurisdiction over the appeal in light of that problem. Although the trial court's order is captioned "Order and Judgment — Corrected," it is in fact no more than an order which grants plaintiffs' motion for summary judgment and denies defendants'. The "Order and Judgment" does not articulate "the final determination of the rights of the parties," and is therefore not a final judgment or decree within the meaning of ORS 18.010 and is not appealable under ORS 19.010.

In the interests of judicial economy, however, and recognizing that the parties perforce will have to go back to the trial court for the entry of a decree (which would be appealable) and assuming that will be done, without the submission of additional evidence, we believe it appropriate to take the extraordinary step of stating our view of the matter, as if it were before us on *de novo* review.[1]

The language of the instrument is ambiguous as to whether the reciprocal easement granted by the Gibsons to the McAllisters is appurtenant or in gross. The instrument states, after describing the easement granted by the McAllisters to the Gibsons, "[t]his easement shall run with the land of the grantees which land adjoins the above described premises." No corresponding direct statement of appurtenance is made in conjunction with the grant of the reciprocal easement. However, the first words in the paragraph

---

[1] Defendant assigns error to the trial court's granting of plaintiffs' motion for summary judgment and to the denial of defendants' own motion for summary judgment. If a final judgment or decree had been entered, the granting of plaintiffs' motion for summary judgment would be reviewable, although the denial of defendants' motion would not be. *See Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* (1976).

following the paragraph which grants the reciprocal easement are, "[t]his easement shall be perpetual ***." It is unclear whether the words "this easement" refer to the whole instrument (entitled "Easement"), to the reciprocal easement granted to the McAllisters, or even to the earlier mentioned easement granted the Gibsons. The parties agree that the instrument was not prepared by an attorney.

The deposition of Duane Gibson is not particularly informative. He testified that the rights conferred on the McAllisters were intended more as an act of friendship than of contractual consideration. However, Mr. Gibson also testified that the parties did not discuss specifically the question of whether the reciprocal easement was to be appurtenant and therefore perpetual and alienable.

The instrument refers to the reciprocal easement "[a]s part of the consideration" for the grant from the McAllisters to the Gibsons. The only other consideration was the agreement by the Gibsons, on behalf of themselves and their successors, to pay an annual sum which was apparently calculated as reimbursement for the ad valorem taxes for the portion of the McAllisters' property effected by the easement. The annual payments have amounted to approximately $18.

Defendants rely on Oregon cases which have expressed the "extremely strong constructional preference for the finding of an easement appurtenant rather than in gross." *Hall v. Meyer,* 270 Or 335, 339, 527 P2d 722 (1974); *see also, Ruhnke v. Aubert,* 58 Or 6 113 P 38 (1911); and *Tone v. Tillamook City,* 58 Or 382, 114 P 938 (1911). Plaintiffs rely on Oregon Supreme Court decisions which have articulated the principle that restrictions on the use of property are to be construed to favor the use of property by its owner. The defendants' authority appears to us to be much more apposite — especially given the fact that *defendants'* property is undisputedly burdened by the easement and to that extent is not freely useable by its owners.

[1011]

Plaintiffs argue that the reason the Gibsons granted a right of inspection to the McAllisters was because Mr. McAllister, an engineer, had a professional interest in dams and waterworks. Were we to reach the merits, we would be unpersuaded by the proposition that Mr. McAllister's *only* motive for acquiring a legal right to inspect a dam which created an artificial lake flooding part of his land was because he liked dams. Moreover, the evidence is clear that the relationship of the Gibsons and McAllisters was such that Mr. McAllister would not have needed a binding agreement to assure that his neighbors would permit *him* to visit them and their dam. The contract of sale between the Gibsons and plaintiffs for the property in question specified that the interest conveyed was subject to the easement executed by the Gibsons and the McAllisters.

If an appealable order were before us, we would reverse and remand for the entry of a decree sustaining the position of the defendants under an easement appurtenant.

Appeal dismissed.