HANNEMAN et al,
*Respondents,*
*v.*
JONES et al,
*Appellants.*
(No. 24643, CA A20202)
646 P2d 676

Paul J. Lipscomb, Salem, argued the cause for appellants. With him on the briefs were Ron MacDonald and Blair, MacDonald, Jensen & Lipscomb, Salem.

Stephen S. Walters, Portland, argued the cause for respondents. With him on the brief were Charles F. Adams and John M. Volkman, Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This case was previously before the court on defendants' appeal from an order granting plaintiffs' motion for summary judgment. The appeal was dismissed and the case remanded, because the former trial court proceeding had not ended with an appealable final judgment. Nonetheless, in the former opinion, *Hanneman v. Jones,* 45 Or App 1005, 1010-12, 609 P2d 912 (1980), we found it "appropriate to take the extraordinary step of stating our view of the matter, as if it were before us on *de novo* review."

We did that in the interest of judicial economy and on an assumption that a decree would be entered without the submission of additional evidence. The assumption proved unwarranted, for on remand there was a trial on the merits. The trial court again found in favor of plaintiffs and entered a judgment declaring the reciprocal easement rights of defendants' predecessors in title to have been personal and to have terminated when those predecessors sold the property to defendants. On this appeal, defendants assert that the facts are "largely undisputed and have not changed from those presented to this court in the earlier appeal and set forth in the prior opinion." Plaintiffs maintain that "this appeal presents different procedural issues and a far more complete evidentiary record than was before the court formerly." Having reviewed the new record and having considered the trial judge's 15-page opinion letter, we conclude that our previous view of the case is not altered by anything that happened on remand. No purpose would be served by reiterating the previous opinion.

Reversed and remanded for entry of a decree sustaining the position of the defendants under an easement appurtenant.