James E. HARRIS,
*Appellant,*

*v.*

Walter E. VOLZ,
Melva Thacker and Harry L. Volz,
*Respondents.*

(89C-10396; CA A65028)

806 P2d 691

Dale L. Crandall, Salem, argued the cause and filed the briefs for appellant.

Thomas J. Sullivan, Tigard, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for specific performance of, and, alternatively, for breach of a contract, under which he was the purchaser of real property from defendants. Defendants interposed affirmative defenses, including that they were entitled to rescind the contract because of misrepresentations by the real estate broker. Both sides moved for summary judgment. The trial court granted defendants' motion and denied plaintiff's. Plaintiff appeals and assigns error to both rulings. We conclude that summary judgment should not have been granted on either motion, and we reverse and remand.

■    The trial court concluded:

> "The evidence presented is clear and convincing that the real estate broker involved misrepresented and failed to disclose material facts, and the defendants were entitled to rescind the agreement, if there was one."

Plaintiff contends that there is a genuine issue of material fact as to whether defendants reasonably relied on any misrepresentations by the broker. We agree. *See Soursby v. Hawkins,* 307 Or 79, 763 P2d 725 (1988). We also conclude that there was no other issue on which summary judgment could properly have been based.

■    The parties disagree about whether other questions of fact exist, *e.g.,* whether the broker was plaintiff's agent. Because this case entails two interdependent alternative claims and claimed defenses to them, our decision that *a* question of fact exists makes it unnecessary for us to decide whether there are others as well. Because we reverse and remand the judgment, the parties are not limited by their showings in the summary judgment proceeding; they may produce evidence on all factual questions, including any that might have been proper subjects for summary judgment at the time of the proceedings on the motions.[1]

■    Both parties *state* in their briefs that the facts are undisputed. However, there is little else about which they

---

[1] We do not imply that the same is true when a partial summary judgment has been allowed, and we do not decide whether the principle applies when wholly independent claims are involved.

agree. Both their arguments here and their presentations in the trial court display very disparate understandings of the facts and of the inferences that can be drawn from them. Parties to a lawsuit may not place it in a posture for summary judgment by *characterizing* the facts as being undisputed. Rather, the moving party must *show* by the evidence that there is no controverted material factual question. ORCP 47C; *Hanneman v. Jones,* 45 Or App 1005, 1009, 609 P2d 912 (1980).

Reversed and remanded.