PROGRESSIVE SPECIALTY
INSURANCE COMPANY,
an Ohio corporation,
*Appellant,*

*v.*

Barry B. CARTER,
Barbara Carter, individually
and as guardian ad litem for Brenda Lynn Carter,
Dorothy Peterson, Grange Insurance Company,
*Respondents,*

*and*

David ANDERSON,
Connie Anderson, John Hughes
and Country Companies Insurance Company,
*Defendants.*

(CC-89-105; CA A72342)

868 P2d 32

Michael A. Lehner argued the cause for appellant. With him on the briefs was Lehner, Mitchell, Rodrigues & Sears.

Shelley Larkins argued the cause for respondents Barry B. Carter, Barbara Carter and Brenda Lynn Carter. With her on the brief was Davis Wright Tremaine.

Stephen P. Rickles argued the cause for respondents Dorothy Peterson and Grange Insurance Company. With him on the brief were Martin W. Jaqua and Holmes, Folawn & Rickles.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff Progressive Specialty Insurance Company (Progressive) seeks to rescind a motor vehicle liability insurance policy on the basis of material misrepresentations on the application for insurance. The trial court denied relief, and Progressive appeals. We review *de novo*, ORS 19.125(3), and affirm.

■ In the fall of 1989, defendant Barry Carter (Barry) contacted his insurance agent, Johansen, to obtain motor vehicle liability insurance for himself, his wife and his 14-year-old daughter, who was permitted to drive the family car on occasion. Because of Barry's poor driving record, however, Johansen was unable to obtain coverage from any of the companies for which she was authorized. She contacted Courtney, an agent selling insurance for Progressive. After obtaining a satisfactory quote from Courtney, Johansen met with him at her office, and the two jointly filled out an application form for Barry. They left blank those sections of the form for which they lacked information. Then Johansen mailed the partially completed application to Barry, with a cover letter instructing him to fill in his and his wife Barbara's occupations, to include her driver's license number, to date the application and to sign two signature lines. Barry completed the application as instructed.

Several sections of the application are relevant to this case. First, there is a section entitled "Driver Information," in which there appears the following request:

> "Complete for Applicant, Spouse, and all other persons age 15 and older residing with Applicant (licensed or not). Also list any other regular or frequent operators."

In that section, the names of both Barry and Barbara are listed. Although both Johansen and Courtney knew that Brenda was a member of the household, they did not list her, because they did not know she drove the family car. Second, there is a statement that reads:

> "All household members 15-24 years old, whether they drive or not, must be excluded."

Third, there is a section entitled "Driver Exclusion(s)," in which there appears in small print:

"Please remember to exclude all unlicensed or non-driving household members 25 or older and all household members under age 25."

Two spaces are provided for "excluded drivers." At the bottom is a signature line for the named insured, which begins after the printed word "Agreed." Johansen and Courtney did not include Brenda's name in that section; nor did they ask Barry to do so when they sent the form to him. Courtney, Progressive's agent, understood the application and the company's underwriting manual not to require the listing of Brenda in that section, because she was not a regular or frequent driver.

When Barry received the application, he reviewed it and noticed that it expressly required that all household members 15 to 25 years old be excluded. Because Brenda was only 14, he assumed she would be covered. He completed the highlighted portions of the application as requested. He did not list Brenda either as a "regular or frequent driver" or as an "excluded driver." He signed and dated the application and returned it with a check for the full premium to Johansen, who forwarded the documents to Courtney. Courtney processed the application the same day.

Several days later, Barry telephoned Johansen to obtain clarification about the extent of coverage he would be obtaining. He had assumed that, because Brenda was not yet 15, she would be covered, but he was concerned that the policy had required any household member under 25 to be excluded. He asked Johansen whether Brenda would be covered if she were not named in the driver exclusion section. Johansen checked with Courtney, and, as she recalls, the conversation went as follows:

"I asked him, 'If we don't exclude Brenda, is she covered?' and his response to me was, 'Well, you can try.' And I said, 'Well, I know if she was not excluded on my policy she would be covered.' And he said — and we talked about it some more, and he said, 'Well, I guess.' And then, as I walked out the door, I said, 'Now if we don't exclude Brenda, is she covered?' And he said, 'Yes.' And I left."[1]

---

[1] Courtney testified that he simply could not recall the specifics of that particular conversation with Johansen but that he could have said what Johansen described.

Johansen relayed that information to Barry.

The following week, before the policy was issued, Brenda was involved in an automobile accident while she was driving the family car. All named individual defendants were injured in the accident. Johansen was notified of the accident, and she contacted Courtney. Shortly after the accident, Progressive delivered Barry a copy of the policy. A copy of the completed application was not attached to the policy. When Progressive discovered that the driver had been Barry's 14-year-old daughter, it sent Barry a notice canceling his policy.

Progressive then brought this action to rescind the policy on the ground that Barry had obtained it by fraudulently omitting Brenda as a named driver in the application.[2] Without deciding whether Barry engaged in any misrepresentation, the trial court denied relief on the basis of ORS 742.013,[3] which it construed as precluding rescission of an insurance policy when the application containing the alleged misrepresentations had not been physically attached to the policy. Progressive assigns error to the trial court's decision.

---

[2] Progressive sought to avoid covering Brenda as an "insured person," defined by its policy as any person driving the named insured's car with his permission. *See* ORS 806.080(2); *Viking Ins. Co. v. Petersen*, 308 Or 616, 621, 784 P2d 437 (1989). Progressive also requested a declaration that it was not obligated to cover Brenda because, under the terms of its policy, there is no coverage for injury or damage caused by a car driven by a person under the minimum age to obtain a license to drive a car in this state. Defendants moved for summary judgment on that claim, arguing that, under ORS 807.220(3)(a), a Class C driver's license may be issued to persons 14 years old or older. The trial court granted defendants' motion. Progressive does not assign error to that ruling. Its sole argument is that its policy should be rescinded because of Barry's fraud.

[3] ORS 742.013 provides, in part:

"(1) All statements and descriptions in any application for an insurance policy by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealments of facts and incorrect statements shall not prevent a recovery under the policy unless the misrepresentations, omissions, concealments of fact and incorrect statements:

"(a) Are contained in a written application for the insurance policy, and a copy of the application is indorsed upon or attached to the insurance policy when issued;

"(b) Are shown by the insurer to be material, and the insurer also shows reliance thereon; and

"(c) Are either:

"(A) Fraudulent; or

"(B) Material either to the acceptance of the risk or to the hazard assumed by the issuer."

Defendants argue that the trial court correctly applied the statute. They also argue that, even if the trial court erred in applying ORS 742.013, it was correct in denying Progressive any relief, because Progressive failed to prove that Barry had made any misrepresentations. Progressive argued that it has established Barry's misrepresentations.

■ We need not address the statutory basis for the trial court's decision, because we agree with defendants that Progressive failed to prove any misrepresentations. Although the trial court did not rule on that issue, we may uphold the trial court's decision on grounds different from those it relied on if, on *de novo* review, we find the necessary facts to support the alternative grounds. As the Supreme Court explained in *State Farm Fire v. Sevier*, 272 Or 278, 298, 537 P2d 88 (1975):

> "We are reluctant to reverse a trial court on grounds or theories other than those on which a case is tried and decided * * *. The considerations are different in cases in which we affirm a trial court. In such cases, when the trial court arrived at a correct result, but on grounds different than those which, in our opinion, are more proper as the basis for such a result, we believe that it is not improper to affirm the trial court; provided, of course, that the pleadings are sufficiently broad and there is sufficient evidence in the record, as in this case.

> "We believe that this is particularly proper in suits in equity, which we try de novo on appeal."

*See also Hanneman v. Jones*, 45 Or App 1005, 1010, 609 P2d 912 (1980). This is such a case. The issue of whether Barry obtained the policy by material misrepresentation was pleaded and tried below and was briefed and argued on appeal.

■ To establish a right to rescind its insurance policy, Progressive must prove by a preponderance of the evidence that it issued the policy in reliance on Barry's false representations, which were material to the company's decision to accept the risk. *Crawford v. Standard Insurance Co.*, 49 Or App 731, 735-36, 621 P2d 583 (1980), *rev den* 290 Or 652 (1981). Scienter must be proven by evidence that Barry either knowingly made false representations, or recklessly made false representations without any knowledge as to whether they were true or false. *Kentner v. Gulf Ins. Co.*, 297 Or 470,

476, 686 P2d 339, *mod* 298 Or 69, 689 P2d 955 (1984). In this case, Progressive has failed to establish that Barry made any false representations or, if he did, that they were made knowingly or recklessly.

Progressive argues that, when the application requested Barry to list all "regular or frequent operators," Barry knowingly omitted Brenda's name, and that if Barry had included her name, it would have declined to issue Barry the policy. That evidence, argues Progressive, entitles the company to rescind Barry's policy. However, the application contains no definition of "regular or frequent operator." The evidence at trial indicated that Progressive's underwriting department does not have any guidelines defining the terms. Its own witnesses testified that the terms are "subjective" and subject to a variety of reasonable interpretations. In *Webster's Third New International Dictionary* 909, 1913 (unabridged 1971), "regular" is defined as "steady or uniform in course, practice or occurrence," and "frequent" is defined as "happening or found at short intervals; often repeated or occurring."

The testimony about the regularity or frequency of Brenda's driving is sketchy. Brenda testified that she drove the family car just a few times before the accident, perhaps once every three months. Barry testified that she probably drove the car once a month, but that he could not give a more definite answer because she drove so infrequently. Based on that evidence, we conclude that, under any reasonable definition of the terms "regular or frequent operator," Brenda was not required to be listed on the application.

Progressive argues that it is nevertheless entitled to rescission on the basis of Barry's failure to list Brenda in the "driver exclusions" section, which required exclusion of "all household members under age 25." However, Progressive's own agent testified that, if a household member is not a "regular or frequent operator," that person need not be listed under that section. That testimony is buttressed by the fact that Courtney, who knew that Barry had a 14-year-old daughter, failed to list her in the application at that section and failed to ask Barry to do the same.

.

Progressive argues that, even if the application did not technically require Barry to list Brenda as a "regular or frequent operator" or as an "excluded driver," he should be found to have engaged in material misrepresentations by omitting her name, because he knew that the company would consider the information about her to be material to its decision to issue him a policy. Progressive has cited no authority for its assertion that applicants must second-guess what insurers might want to know beyond what is required to be disclosed in an application, and we are aware of none. Moreover, we find no persuasive evidence that Barry, in fact, attempted to mislead Progressive about Brenda or her driving. The evidence is that both Johansen and Courtney knew that Brenda was a member of the household and that she was 14 years of age. Before the accident occurred, Barry telephoned Johansen specifically to ask whether Brenda would be covered if she drove the family car. Johansen relayed the question to Courtney, who responded that, as long as Brenda had not been listed as an excluded driver, she would probably be covered. As Johansen testified at trial, "Barry didn't try to hide Brenda."

The trial court did not err in refusing to rescind the Progressive policy.

Affirmed.