## D. R. KNOX ET AL. v. T. W. ASKEW.

Decided June 25, 1910.

**Pleading—Trespass to Try Title—Injunction—Possession of Church Property.**

In a suit over the right of possession of a church building and to restrain the defendant from interfering with the possession thereof by the plaintiffs, petition considered, and held sufficient when taken in connection with the prayer for general relief, to maintain an action of trespass to try title to the property, and to entitle the plaintiffs to the injunction sought; hence it was error for the court to sustain a demurrer thereto.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Chandler & Pannill,* for appellants.

*J. T. Daniel,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—D. R. Knox and Frank Stephen instituted this suit against T. W. Askew, and the following facts are

alleged in their petition: Plaintiffs are the duly elected trustees of the Christian Church at Purves, Texas; the church is the owner of a house of worship and the legal title to the property is vested in its trustees; the church acquired the property in 1904 and has been in possession of it ever since using and occupying the same as a house for religious worship. Defendant was formerly a member of that church but having become dissatisfied with its teachings and his membership therein having terminated, obtained possession of the key to the door and denied to plaintiffs the right to enter and denied the use of the building by its owner. In order to gain entrance plaintiffs removed the lock from the door and replaced it with another lock, the key to which they kept. Defendant replaced this lock with another and again claimed the right to exclude plaintiffs and the church which they represent from holding religious services in the building, and declares that he will continue to replace any and all locks which plaintiffs may place upon the door of the building in order to exclude therefrom the members of the Christian Church. The defendant has also carried away the organ and other personal property belonging to the church, and has defaced the building. The petition contained a prayer for an injunction to restrain the defendant from the wrongs complained of upon the ground that his acts resulted in irreparable injury to the church building, for which they had no adequate legal remedy, and in their petition plaintiffs further prayed for general relief.

The defendant demurred to the petition and also filed an answer in which he alleged that title to the property was vested in another church organization, and that he, as a deacon of that church, had the right of exclusive possession of the building.

The trial court sustained the demurrers urged to the plaintiffs' petition, holding that, as plaintiffs had an adequate remedy at law for the wrongs complained of, they could not maintain the suit for injunction, and gave judgment that defendant go hence without day and recover of plaintiffs his costs, no hearing being accorded to plaintiffs on the merits of their petition. From this judgment plaintiffs have appealed.

The averments in the petition taken in connection with the prayer for general relief are sufficient to maintain an action of trespass to try title. As against the demurrers the allegations contained in the plaintiffs' petition must be taken as true and when so construed they clearly show that the church which plaintiffs represent is vested with a valid title to the property in controversy with possession and right of possession, and a wrongful trespass on the part of the defendant which, if persisted in by him, will result in injury to the property, and a substantial ouster of plaintiffs therefrom without lawful right in the defendant, resulting in irreparable injury to the church for which plaintiffs are the trustees. The facts so alleged, if true, would entitle plaintiffs to the injunction sought. Burnley v. Cook, 13 Texas, 588; 22 Cyc., 823.

The court erred in sustaining the demurrers to the petition, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*