**DAVIS et al. v. SAULS et al.** (No. 331.)

Court of Civil Appeals of Texas. Eastland.
Sept. 16, 1927.

**1. Religious societies ⊜⊃12(5)—Church proceedings relative to removal of pastor held without court's jurisdiction.**

In an action by trustees and others relative to rights in church property and seeking removal of the pastor, all of the proceedings with reference to the removal of the pastor and the general ecclesiastical supervision of the church *held* without the proper jurisdiction of the court.

**2. Parties ⊜⊃88(3)—Where majority of trustees as plaintiffs improperly joined non-trustees as plaintiffs in trespass to try title to church property, petition held not demurrable therefor.**

Where, in an action of trespass to try title brought by a majority of the trustees of a church, such trustees improperly joined other persons who were not trustees as parties plaintiff, such improper joinder *held* not to make the petition demurrable.

**3. Pleading ⊜⊃43—In trespass to try title, improperly designating supplemental information as a petition did not make it such so as to cause sustained general demurrer thereto to dispose of action.**

Where, in an action of trespass to try title to church property, the parties plaintiff filed a pleading which they designated "plaintiffs' third supplemental petition," although the parties intended the additional matter only as supplemental information relative to a church meeting and an attempt to destroy the subject-matter of the action, designating the matter as a petition did not make it such so as to cause a sustained general demurrer thereto to dispose of the action, the original petition not being demurrable.

Appeal and Error from District Court, Dallas County.

Action by Phoebe Davis and others against W. M. Sauls and others. Judgment for defendants, and plaintiffs appeal and bring error. Reversed and remanded.

Grady Niblo and Austin S. Dodd, both of Dallas, for appellants and plaintiffs in error.

J. N. Townsend, J. L. Lipscomb, and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellees and defendants in error.

HICKMAN, J. [1] There are many issues raised by the various pleadings in this case which we regard as immaterial to a disposition thereof. Our statement of the case will be confined to such facts as bear upon the issue which we conceive to be controlling. Phoebe Davis, joined by her husband, W. M. Davis, James M. Releford, C. B. Bryant, and Louis C. Covington, instituted suit against W. M. Sauls, pastor of the Canaan Baptist Church, a branch of the Colored Missionary Baptist Church of the Central Texas district, located in the city of Dallas. The principal object of the original petition seems to have been the removal of Sauls as pastor of the church. We regard all of the proceedings with reference to the ecclesiastical supervision of this church by the court as being without the proper jurisdiction of the court, and shall therefore not discuss them.
[2] The original petition was sufficient, as

---

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against a general demurrer, as a petition in trespass to try title to a certain house and lot belonging to the church. Phoebe Davis and husband showed no right in themselves to maintain the action, but the other plaintiffs were three of the four trustees to whom the property had been deeded, and, under our system of pleading, the statutory allegations of trespass to try title contained in the petition were sufficient to state a cause of action in favor of them against the defendant for the title and possession of this real estate. As constituting a majority of the trustees, three of the plaintiffs could maintain the suit, even though they were improperly joined by two other parties plaintiff. The irregularity of joining Phoebe Davis and husband as parties could not be questioned by a general demurrer.

The record discloses that thereafter another pleading was filed by the plaintiffs, denominated "second original supplemental petition and report of meeting." This pleading reported to the court the results of a meeting held for the purpose of determining whether or not the defendant should longer be pastor of the church. It did not in any manner undertake to serve as a pleading of any cause of action and was apparently not so intended. Later, another pleading was filed by the plaintiffs, designated "plaintiffs' third supplemental petition." The substance of this so-called supplement was to inform the court that three other persons had joined with the defendant Sauls in tearing down and destroying a building belonging to the church, and prayed for injunction against all of them preventing the destruction of the property. A general demurrer to the original petition and the supplements was sustained by the court and the case dismissed, the plaintiffs giving notice of appeal. Thereafter, at the same term of the court, plaintiffs filed another pleading in the same cause, designated "plaintiffs' first original amended petition." New parties were joined as defendants in this last pleading. At the next succeeding term of the court, upon motion of the defendants, the court adjudged that a final judgment had been rendered in the cause at a prior term, and that it was without jurisdiction to hear the cause pleaded by the plaintiffs in their so-called first original amended petition, and dismissed the petition and the injunction issued thereunder from the docket of the court.

The action of the trial court in sustaining the general demurrer is brought to us by a writ of error, and its action in dismissing the cause at a subsequent term is brought to us by an appeal. The entire proceeding is, therefore, before us for review. The controlling question is whether or not the trial court properly sustained the general demurrer. If the action of the trial court in this regard was correct, then manifestly the judgment dismissing subsequent proceedings in the same case was correct, because the court having theretofore dismissed the case there was no pending case in which to file an amended pleading. On the other hand, if the general demurrer was improperly sustained, a reversal by this court of the judgment of the trial court in sustaining the demurrer reinstates the entire cause for such pleadings as are proper.

[3] It is our opinion that the court erred in sustaining the general demurrer to plaintiffs' original and supplemental pleadings. It cannot be questioned that the original petition was good as against a general demurrer; but it is urged that the so-called second and third supplemental petitions of the plaintiff were, in fact, amended petitions, each taking the place of all petitions filed prior thereto, that the third supplemental petition was clearly subject to a general demurrer, and that said petition was the only one before the court at the time the general demurrer was sustained. We are unable to classify the so-called second and third supplemental petitions of the plaintiffs. Neither of them performs the office of a supplemental petition. Neither was in reply to any allegations in the answer of the defendants. As above indicated, one was a report of a church meeting, and the other a report that other persons were conspiring with the defendant to destroy the subject-matter of the suit, and a prayer was contained for enlarging the injunction so as to preserve the property in litigation. A motion to strike these pleadings would probably have been good, but since they were not in any sense intended as amended petitions, were not so regarded by the parties nor by the court, but were expressly limited to additional and supplemental information to the court about matters which arose during the progress of the suit, it is our opinion that neither of these so-called supplemental petitions can be properly classified either as a supplemental petition or as an amended original petition. We therefore conclude that the court, as recited in its judgment, had before it plaintiffs' original petition and sustained a general demurrer thereto. In this judgment we think the court erred. Knox v. Askew, 62 Tex. Civ. App. 217, 131 S. W. 230.

The cause will be reversed and remanded.