**JONES v. SMITH et al.**

No. 12405.

Court of Civil Appeals of Texas. Galveston.

May 15, 1952.

Rehearing Denied May 29, 1952.

James R. Gough, Mobley & Gough, Houston, for appellant.

Fowler & Conn, Louis A. Pontello, Jr., Houston, for appellees.

GRAVES, Justice.

This appeal is from an order of the 127th District Court of Harris County, Honorable W. P. Hamblen, Jr., presiding without a jury, granting the appellant a temporary injunction against the appellees, in substantial substance and effect, as follows, the appellant here having been the plaintiff below and the two appellees the defendants there, to wit:

"On the 18th day of December, 1951, came on for consideration the application of C. B. Jones, Plaintiff, for a temporary injunction upon his verified petition after due notice to the defendant, O. James Smith, and the Defendant Gulf Coast Rent-A-Car Truck Co., Inc., as directed by me, the plaintiff and the defendants having appeared in person and by their attorneys, and the Court having considered said verified petition, the evidence, and argument of counsel, and it appearing that plaintiff is entitled to the temporary injunction as herein granted, same being within his allegation and prayer, for the reason that the plaintiff testified that he had been threatened by the defendant Smith with bodily harm by pistol whipping, if the plaintiff did not pay an alleged debt of ninety-four dollars owed to defendant, Gulf Coast Rent-A-Car Truck Co., Inc;

"It is accordingly ordered, adjudged, and decreed, that the Clerk of this Court issue a writ of injunction, pending final hearing and determination of this cause, restraining and enjoining defendants from seeking to collect an alleged debt to defendant, Gulf Coast Rent-A-Car Truck Co., Inc., of Plaintiff in the amount of ninety-four dollars, by force, and that further injunctive-relief prayed for by plaintiff is denied; provided, that plaintiff shall, prior to the issuance of such injunction, file with the clerk a bond * * *."

Thereafter the court supported such decree by filing, as its "Conclusions of Law of The Trial Court," this:

"In the above entitled and numbered cause, the ruling of this Court in the hearing of Plaintiff's prayer for an injunction, pendente lite, on the 18th day of December, 1951, was based solely upon the showing made by the parties, on oral testimony presented by Plaintiff."

In protest against such order below, the appellant presents some five points-of-error, under which, in substantial substance, he contends:

First: The court erred in basing its ruling solely on the oral testimony he as plaintiff presented at the hearing, "but should have regarded all facts set out in Plaintiff's verified petition and not denied by Defendant in a verified answer, as true";

Second: The court erroneously excluded testimony by appellant as such plaintiff below, to the effect "that the credit manager at Mosk's store had refused him credit because of the debt which was claimed to be owed by * * * (Plaintiff) to the Defendant Corporation (Gulf Coast Rent-A-Car Truck Co., Inc.)", such testimony being outside the scope of the hearsay rule;

Third: The court erred in not admitting the testimony of appellant's attorney, Mr. Gough, in purport, that he had told the credit manager at Mosk's that the $94.00 debt claim "had been withdrawn, and that she (such credit manager) still refused to extend credit to Plaintiff", which statement was outside the scope of the hearsay rule;

Fourth: "The court should have granted the temporary injunction under traditional principles of equity, on the basis of Plaintiff's Verified Petition * * * (and) under Texas Law as set out in Art. 4642, Vernon's Tex.Civ.Stat.Ann. * * *"

None of these presentments, it is determined, should be sustained; they each and all, this Court concludes, extend our system of blended law and equity, insofar as its reaches have to do with the granting of temporary injunctions by our trial courts, beyond the constructions heretofore authoritatively given them by our appellate courts.

In other words, it has been uniformly held with us that, in the granting or refusing of temporary injunctions, the trial court has, subject to well-marked limitations, a large measure of discretion, which, in effect, would be well-nigh, if not entirely, nullified if the court had been required to base its ruling solely upon the allegations set forth in the appellant's sworn petition for the injunction; especially, since this record fails to show that appellant requested the court, on the hearing, to base its ruling wholly upon his sworn petition for the writ.

On the other hand, the record does show that the trial court himself requested that a hearing be had on this matter, independently of the pleadings, upon both sides, and that oral testimony be given, which was done; wherefore, appellant offered the testimony on the facts, upon which he relied.

In such situations, our courts have held that the burden is on the applicant to establish the facts entitling him to an injunction, even though the defendant has filed an unsworn general-denial in response to his verified petition, seeking the writ; 24 Tex.Jur., pg. 180, para. 134, and footnote-cited authorities. Hutchison v. Ross, Tex. Civ.App., 89 S.W.2d 495; Norwood v. Taylor County, Tex.Civ.App., 93 S.W.2d 573, 574.

In the last-cited Norwood case, in which there was a sworn petition and an unsworn answer, as was the situation in this cause, the court said: "Conceding that appellants' petition was sufficient to authorize the issuance of the temporary injunction, nevertheless the district judge could hear oral evidence if he desired to do so, and it was not error for the judge to refuse to grant the injunction based solely upon the allegations of the petition."

To the same effect is the court's holding in Leach v. Thompson, Tex.Civ.App., 192 S.W. 602; see also 24 Tex.Jur., pg. 180.

In other words, while it would seem that the trial court might have determined this application on the pleadings alone, it did not do so, but required oral testimony. Wherefore, under our established practice, the fact that the court based its ruling upon the oral evidence, as recited in its conclusions-of-law, did not constitute a ground for reversal.

 Neither is this Court able to agree with the appellant that the two features of excluded testimony he complains about were outside of the hearsay rule, and admissible; on the contrary, it would seem clear that both these offerings reflected conversations had between appellant and third persons, outside of the presence of the appellees, and about matters with which they were in no wise connected, or concerned; that is, appellant simply desired to testify, first, as to conversations he alleged he had had with the Credit Manager of Mosk's Store, in order to show that credit had been denied to him—the conversation being exclusively between those two parties—without the presence, or knowledge, of either of the appellees.

Likewise, appellant's offer of the testimony of his attorney, relative to a conversation the latter had had, likewise outside of the presence of the appellees, with the Credit Manager of Mosk, was also clearly hearsay. Such tendered testimony, in each instance, was an attempt to put before the court some alleged fact about the actions of a third party, not involved in this suit, relating to a credit-claim, and its withdrawal; it attempted to procure before the court transactions of one of the parties only with a stranger to this trial, without showing any connection between them and the transaction about which they were talking, and the appellees. That such remote and disassociated transactions were within the hearsay rule, seems clear, under our authorities. 17 Tex.Jur., pg. 521, para. 212, and footnote-cited authorities.

It is deemed unnecessary to extend the discussion further, since the conclusions stated determine the merits of the appeal.

They require that the judgment be affirmed. It will be so ordered.

Affirmed.