## LAMB v. KINSLOW.
### No. 3075.

Court of Civil Appeals of Texas. Waco.
March 26, 1953.

Rehearing Denied April 23, 1953.

904

Witt, Terrell, Jones & Riley, W. Lance Corsbie and Robert E. Cross, Waco, for appellant.

Tom R. Mears, Gatesville, for appellee.

McDONALD, Chief Justice.

This is a case for an injunction and damages brought by appellee against appellant, arising out of the burning of cotton burrs by Appellant in connection with his gin at Oglesby, Texas. To burn burrs from his gin appellant constructed a pipe 900 feet leading to a point 450 feet southeast of appellee's home—blew the burrs through the pipe to that point where they are burned. Appellee sued alleging: damages to both his and his wife's health and his property; that appellant was creating a nuisance; and asked for damages and a permanent injunction. Trial was to a jury, which found for appellee on all issues except damages. Appellee and appellant both made motion for judgment. On the hearing of the motions for judgment appellant raised the issue of balancing the equities, and the court upon its own motion interrogated appellant and appellant's counsel cross examined him. Appellee then asked to introduce controverting testimony by other gin men, and upon hearing same on the motion to enter judgment non obstante veredicto on the theory of balancing the equities, the court granted judgment for appellee permanently enjoining appellant from burning burrs "where he now burns same or at any other place where same will cause smoke, dust, etc. to enter the home of Appellee" * * * "unless adequate equipment be installed to prevent the injury complained of".

Motion for new trial was overruled and appellant appeals on 9 Points, contending: 1) the injunction granted does not set forth the reasons for its issuance; 2) the order granting the injunction does not conform to appellee's petition and prayer for relief; 3) objections of appellant to the charge relative to damages were improperly overruled; 4) the trial court erred in hearing evidence on the motions for judgment; 5) there was no pleading or proof that appellee would suffer irreparable injury or that his remedy at law was inadequate; 6) that there was no evidence to authorize an injunction; 7) that evidence was insufficient to authorize an injunction; 8) that a consideration of and balancing of all the equities involved required the injunction be refused; 9) that the appellant's motion for judgment non obstante veredicto should have been granted.

As to appellant's first point, it is our view that the judgment in this case, considered as a whole, adequately sets forth the reasons for ordering issuance of the injunction, and informs the appellant as to both why he is enjoined and what he is enjoined from doing. The judgment sets forth all of the findings of the jury to the effect that the appellant was permitting the discharge of smoke, dust, etc. to be carried by the wind from the place where he burned his burrs onto the plaintiff's property; further, that the above constituted a permanent nuisance; and that the same caused personal discomfort, annoyance and inconvenience to appellee and his wife. Appellant's first point is accordingly overruled.

As to appellant's 2nd point, the manner in which the judgment in this case does not conform to the appellee's petition and prayer, viz.: that the appellant is permitted to install equipment to prevent the injury complained of, is to the advantage of the appellant. Appellant's 2nd point is overruled.

As to appellant's third point, it is our view that under the record in this case, the objections to the court's charge and the court's rulings on same are immaterial. Appellant's third point accordingly is overruled.

As to appellant's fourth point, it is our view that the trial court had a right to hear evidence on the motions for judgment, on the proposition of balancing the equities, which formed the basis for appellant's motion for judgment non obstante veredicto. The question of balancing the equities was for the first time raised on the appellant's motion for judgment non obstante veredicto. It is an equitable consideration within the discretion of the court—it was not only proper, but desirable that the court hear evidence on this matter. Appellant's fourth point is accordingly overruled.

As to appellant's fifth point, it is our view that the prayer of the petition met all requirements of the law in seeking a permanent injunction. A temporary restraining order or a temporary injunction was not sought, hence requisites for their issuance are not here involved. It is further our view that the nuisance here complained of is of a recurring nature and that injunction will lie irrespective of legal remedy at law. (31 Tex.Jur. 447). Appellant's fifth point is accordingly overruled.

As to appellant's sixth and seventh points, we believe that there is evidence to authorize the issuance of the injunction and that same was sufficient. Appellant's sixth and seventh points are accordingly overruled.

Appellant's eighth point contends the trial court erred in granting the injunction because a consideration and balancing of all of the equities involved required that the injunction be refused, and appellant's ninth point follows with the contention that judgment should have been rendered for the appellant on the motion non obstante veredicto.

In the case at bar the trial court carefully considered the doctrine of "comparative injury", together with the doctrine of "balancing the equities". It is pointed out that the appellant *is not restrained from engaging in the gin business; he is not even restrained from burning his burrs, but is prohibited from burning his burrs at a place and in a manner that will injure the appellee.* The evidence reflects that it would cost the appellant $10,000 to $15,000 to build burners to dispose of the burrs; that appellee's home cost $5000.00 and that he would not sell it for $10,000; that he is deprived of the enjoyment of his home for several months of the year, not to take into account the personal and physical annoyance to his and his wife's health. The evidence further reflects that appellant could have the burrs hauled away as done by the Gatesville gin. The cost of this is not in evidence, but could not be great. From pictures in evidence it is not unreasonable that the pipeline might be shortened to burn the burrs closer to the gin, or that the direction of the pipeline might be shifted, or that the pipeline might be shortened and the direction shifted so that the burning of the burrs would not constitute a nuisance to appellee. The evidence leaves various alternatives for the

appellant to dispose of his burrs in some other manner or to burn them in some other place.

In any event, the trial court heard the evidence on the proposition of balancing the equities, and after considering the relative detriment to the parties which would stem from a granting or a denial of injunctive relief, entered the judgment ordering the injunction issued. Since the record here shows that the trial court heard evidence on the proposition of balancing the equities and did consider same, this court would have to find that the trial court abused his discretion in entering the judgment complained of, or that the detriment inuring to the appellant is so disproportionate to the detriment inuring to the appellee should the injunction be denied, that as a matter of law the injunction should have been denied. We are unable to say either that the trial court abused his discretion in entering the judgment complained of, or that as a matter of law the detriment to the appellant is so disproportionate upon a granting of the injunction to the detriment to the appellee upon a denial of the injunction, that as a matter of law the injunction should have been denied. Appellant's eighth and ninth points are accordingly overruled.

The judgment of the trial court is affirmed.