Helen Sartain BOILES et al., Appellants,

v.

The CITY OF ABILENE, Appellee.

No. 3151.

Court of Civil Appeals of Texas.

Eastland.

March 11, 1955.

Rehearing Denied April 8, 1955.

Wagstaff, Harwell, Alvis & Pope, Abilene, for appellants.

Smith, Bickley & Pope, Abilene, for appellee. .

LONG, Justice.

Helen Sartain Boiles and fifteen other property owners, or their predecessors in

title, granted easements to the City of Abilene for the purpose of laying and maintaining a water line across their land. Part of said easements were executed in 1921 and part in 1942. All of said easements provided that the City should pay for the use of the land by allowing the property owners to connect with the water line and furnish the property owner water for domestic purposes at the rate of 10¢ per 1,000 gallons. The City, acting upon the rights given in the easements, constructed its pipe line across said property and furnished water to the property owners at the price stipulated in the easement contracts until November 6, 1953 when the Board of Commissioners of the City passed the following ordinance:

"Whereas, it has come to the attention of the Board of Commissioners of The City of Abilene, Texas, that in past years there have been many and varied types of agreements made with the landowners in return for which an easement was granted to The City of Abilene to lay water lines across the landowner's property; and

"Whereas, after a very careful discussion, the Board of Commissioners are of the opinion that said contracts contravene the powers of the City of Abilene and its Board of Commissioners and were invalid at the time they were made and that the original purpose of the contracts has been and is now being violated; and

"Whereas, after careful consideration of all the facts involved, the Board of Commissioners are of the opinion that the spirit of these contracts shall be properly enforced;

"Now, Therefore, be it ordained by the Board of Commissioners of the City of Abilene, Texas:

"Section 1: That the City of Abilene shall from and after the passage of this ordinance, furnish to the holder of a contract which gives to the landowner a definite water rate on water used on the premises and con-

sumed for domestic purposes, water at that same rate not to exceed 5,000 gallons per month. All water in excess of the said 5,000 gallons per month, shall be billed at the prevailing rate for other water users in a like status.

"Section 2: This ordinance shall become effective beginning on the first of the month from and after the date of its final passage."

The property owners instituted this suit to enjoin the City from enforcing this ordinance insofar as it applied to them, and from refusing to furnish water to them at the rate specified in the easement contracts, so long as the City uses the easements. The trial court refused the injunction. The property owners have appealed.

It is the contention of appellants that the trial court erred in refusing the injunction for the reason that the City was acting in a proprietary capacity when it acquired the easements and is so acting when it uses the easements; that the City cannot use the easements under the rights given in the contracts and at the same time refuse to be bound by its terms wherein it agreed to furnish water at a specified rate. It is the further contention of appellants that the City, so long as it uses the easements, is estopped to deny their validity.

The City contends that the part of the contract wherein the City agreed to furnish water to appellants at an agreed rate is not binding upon future City Commissions; that the fixing of water rates is a governmental function and that the attempt of the City Commission to fix the water rates on the water furnished appellants was ultra vires and not binding upon the present commission.

■■■■ The City had the power to make the easement contracts. That portion of the contracts, which provided appellants were allowed to purchase water at a specified rate was ultra vires and not binding on future City administrations. The City could not, however, continue to use the easements by virtue of said contracts and at the same time refuse to pay the consideration agreed to be paid in said contracts by selling water to appellants at the agreed rate. The City cannot be compelled to use the easements. It may at any time repudiate the contracts and abandon them but so long as it chooses to use the easements it must also abide by the terms of the contracts and deliver water to appellants at the rate specified therein. The City in good conscience should not be permitted to reap the benefits of the contracts and at the same time refuse to pay the consideration therefor. The City "cannot have its cake and eat it, too." The power of the City to regulate rates to be charged for water is governmental in character. Its power to acquire water works and furnish water therefrom is proprietary. City of Uvalde v. Uvalde Electric & Ice Co., Tex. Com.App., 250 S.W. 140; City of Wink v. Wink Gas Co., Tex.Civ.App., 115 S.W.2d 973.

The City relies upon, among others, the following cases to support its position: City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S.W. 143; City of Teague v. Sheffield, Tex.Civ.App., 26 S.W.2d 417; Sayles v. City of Abilene, Tex.Civ.App., 290 S.W. 239. We find nothing in these cases contrary to our holding. The instant case is distinguishable from the cited cases on the facts. In the case at bar, the appellants are not seeking to compel the City to continue the use of the easements. They are only asking that the City be required to sell them water at the agreed price so long as it uses the easements. The case of Tone v. Tillamook City, 58 Or. 382, 114 P. 938, 940 by the Supreme Court of Oregon, is exactly in point. The facts in that case are almost identical with the instant case. The court, in dealing with the same question we have here, said:

"Also the suggestion that the covenant was one beyond the authority of the city to make, and is void, therefore cannot be considered so long as the city retains the fruits of the contract. The covenant that the grantors

which we have already held includes their assigns were to have the right to take free a certain quantity of water was a consideration for the deed, perhaps the main consideration, and, until defendant abandons or offers to reconvey the right of way granted, it cannot be heard to say that its contract was ultra vires, unless there is shown some provision of its charter absolutely or by necessary implication prohibiting it from so contracting. We do not find such provision in the charter of the defendant. The power to provide a water system is not governmental nor legislative in its character, but strictly proprietary, and the city, when engaged in prosecuting such an improvement, is clothed with the same authority and subject to the same liabilities as a private citizen. This has been held by this court in an opinion by Mr. Justice Bean, which has become a leading case on this subject. Esberg Cigar Co. v. [City of] Portland, 34 Or. 282, 55 P. 961, 43 L.R.A. 435, 75 Am.St. Rep. 651.

"There is no question of the city granting a perpetual franchise involved in this case. The city needed the right of way and took it, subject to the burden of this easement. It did not obligate itself to perpetually convey water through the pipes, and may at any time relieve itself from the obligation of doing so by taking some other route than that across the plaintiffs' land. While regulations as to the manner of using the water and management of the business may be prescribed by ordinance or resolution, the legal position of the city is that of a proprietor, and we see nothing in the construction which we have given that interferes with any regulation that it may make unless it attempts to evade its contract."

■ It is the settled law that a municipal corporation is estopped to deny the validity of a contract where it exacts performance from the other party and accepts the benefits accruing to it therefrom. 30A Tex.Jur., Sec. 442, page 462; Sluder v. City of San Antonio, Tex.Com.App., 2 S. W.2d 841; City of Fort Smith v. United States Rubber Co., 184 Ark. 588, 42 S.W. 2d 1004; 31 C.J.S., Estoppel, § 111, page 358; Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S. W.2d 989.

■ The City contends that the appellants have an adequate remedy at law and, therefore, are not entitled to an injunction. We do not agree with this contention. The act of the City in continuing to use the easements without paying the agreed consideration constitutes a continuing trespass. If appellants are forced to file suit for damages this would result in a multiplicity of suits. Each of them would be compelled to file a suit each month for the difference between the agreed water rate and the rate actually charged.

"Many authorities support the rule that injunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or the necessity of a multiplicity of actions to obtain redress." 32 A.L.R. 465. See also Knox v. Askew, 62 Tex.Civ.App. 217, 131 S.W. 230; City National Bank of Dallas v. Folsom, Tex.Civ.App., 247 S.W. 591.

We believe the appellants are entitled to the injunction prayed for, therefore, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to grant an injunction restraining the City from charging a higher rate than that agreed to in the easement contracts, so long as it uses the easements.