**John KING, Appellant,**

v.

**M. C. MILLER et al., Appellees.**

· **No. 3178.**

Court of Civil Appeals of Texas.

Eastland.

June 3, 1955.

Rehearing Denied June 24, 1955.

Wagstaff, Harwell, Alvis & Pope, Roy L. Duke, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Jack Bryant, Abilene, for appellees.

LONG, Justice.

Appellees, M. C. Miller and nineteen others, instituted this suit against appellant, John King, for an injunction. Appellees alleged that they were property owners and/or residents of that part of Taylor County lying just east of the city limits of the City of Abilene, Texas, known as T. & P. Lane; that appellant, John King, operated a gin near their homes and that he burns or has burned the burrs and other refuse from said gin in such a manner that the prevailing wind carries smoke onto and into the homes of appellees. Appellees prayed for an injunction restraining appellant from burning cotton burrs and other refuse on the premises of his gin "unless some equipment be provided to allow such burning in a manner whereby unreasonable amounts of smoke and unburned particles will not be distributed onto the property of appellees." Appellant answered by special exception, general denial and various other defenses. The case was tried before the court with the aid of a jury. The issues submitted to the jury and the answers thereto are as follows:

"Question No. 1: Do you find from a preponderance of the evidence, if any, that the defendant in the burning of cotton burrs at his gin plant allows smoke to emit from his gin plant in such a manner that it is carried in substantial quantities onto the property of the plaintiffs? Answer yes or no. Answer: *Yes*.

"If you have answered the foregoing special issue Number One yes, then and in that event only, you will answer the following question:

"Question No. 2: Do you find from a preponderance of the evidence, if any, that the emission of smoke from said gin plant, if you have found that same does emit smoke, constitutes a nuisance

as that term is herein defined? Answer 'It is a nuisance' or, 'It is not a nuisance.' Answer: *It is a nuisance.*

"If you have answered the above and foregoing question number one, yes, and in that event only, then answer the following special issue:

"Special Issue No. 3: Do you find from a preponderance of the evidence that the Defendant, John King, is acting unreasonably in burning the cotton burrs at his gin? Answer yes or no. Answer: *Yes.*"

The court entered judgment perpetually enjoining appellant from burning cotton burrs on the premises of his gin located on T. & P. Lane in Taylor County, Texas in the manner in which the appellant is now burning cotton burrs. From this judgment appellant has appealed.

█ Appellant contends the trial court erred in granting the injunction because appellees failed to plead and prove that they did not have an adequate remedy at law. We do not agree with this contention. Appellees alleged that they did not have an adequate remedy at law and in our opinion, the evidence sustains such allegation. There is evidence that appellees, by instrument dated August 28, 1954, and prior to the filing of their amended petition upon which they went to trial, for a consideration of $500 paid by appellant, released the appellant from all claims for bodily injury, including damages for care and loss of services because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained or alleged to have been sustained, caused or alleged to have been caused by appellant prior to and including September 7, 1953. Appellant urges that in view of the fact that appellees settled their claim for damages that it was thereby conclusively established that they could be reasonably compensated for their loss by reason of the burning of burrs on the gin property and that they consequently had an adequate remedy at law and were not entitled to an injunction. In order for a remedy at law to be adequate it must give to the plaintiff complete, final and equal relief. Ex parte Warfield, 40 Tex.Cr.R. 413, 50 S.W. 933, 24 Tex.Jur. 82; Davis v. Gillen, Tex.Civ.App., 227 S.W.2d 834 (Writ Ref.).

The act of appellant in maintaining the nuisance is a continuing one and constitutes a continuing trespass. If appellees are forced to file suit for damages this would result in a multiplicity of suits.

"Many authorities support the rule that injunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the nature of the injury, or the necessity of a multiplicity of actions to obtain redress." 32 A.L.R. 465. See also Knox v. Askew, 62 Tex.Civ.App. 217, 131 S.W. 230; City National Bank of Dallas v. Folsom, Tex.Civ.App., 247 S.W. 591.

█ The granting of the injunction rested largely within the discretion of the trial court and unless it is shown that the court abused its discretion, we have no power to disturb the judgment. Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903.

█ By his fourth point, appellant contends the trial court erred in refusing to submit the following requested special issues to the jury:

"No. One: Do you find from a preponderance of the evidence that the plaintiffs have suffered damages as a result of the burning of burrs at defendant's gin? Answer 'Yes' or 'No.' Answer: ———.

"No. Two: If you have answered defendant's Special Issue No. One in the affirmative, then you will answer this issue, otherwise you need not answer requested Special Issue No. Two.

"Could the plaintiffs be compensated in damages for their injuries, if any? Answer 'Yes' or 'No.' Answer: ———."

We find no error in this point. Appellees were not seeking to recover damages

but were asking only for an injunction. The question of whether the appellees had an adequate remedy at law was for the court and not the jury. The issues requested were immaterial and not controlling. Therefore, the court, under R.C.P. 279, was not required to give them.

■ By his second point appellant urges that the trial court erred in not declaring a mistrial when one of appellees mentioned insurance. While the appellee Pennell was being cross examined, by counsel for appellant, the following occurred:

"Q. Now, for the annoyance down there and discomfort, etc., you and all these other plaintiffs here, for a consideration of $500.00 executed a release to Mr. King, didn't you?

"A. That wasn't my understanding at all.

"Q. Well you did sign the instrument didn't you?

"A. The way I understood that release it was from an insurance company, that—."

Counsel for appellant immediately objected to the answer and moved the court to discharge the jury and declare a mistrial which the court refused to do but instructed the jury not to consider the question of insurance. We recognize the rule that in negligence cases under some circumstances, the mention of insurance is reversible error but appellees were not seeking any damages in this case. We fail to see how the mere mention of insurance by the witness could have resulted in injury to appellant. This is especially true in view of the fact that the court instructed the jury not to consider it for any purpose. This point is, therefore, overruled.

■ Counsel for appellees, in his opening argument to the jury, made the following statement:

"Gentlemen, I must quit. It has been a long case. The evidence is perfectly clear. You are instructed by the Court in his charge to consider all of the circumstances, but I beg of you to consider the circumstances as they exist now and while we are speaking of smoke don't be led astray by the smoke screen that has been thrown up and they will try to throw up about what used to be out there. Gentlemen, I think you won't let a smoke screen of that kind, convince you that people, plain, ordinary poor people, just because at one time in the past they had problems—."

Counsel for appellant excepted and objected to that portion of the argument referring to plain, ordinary poor people as being prejudicial. The court sustained the objection and instructed the jury not to consider the argument for any purpose. It is the contention of appellant that such argument is so prejudicial that the sustaining of the objection was not sufficient to remove the harm thereof. Another counsel for appellees, in his closing argument to the jury, made the following statement:

"Then Roy (referring to Mr. Duke) comes in and says this $25.00 a head here for the plaintiffs in making a settlement, on a property damage settlement, ought to eliminate everything. Roy where do you think these poor folks were going to get the money to hire this young man that is representing them? They had to have some money from somewhere."

Appellant likewise objected to this argument. The objection was sustained and the court instructed the jury not to consider it for any purpose. The same contention is made by appellant as to this argument, that is, that the argument was of such a nature that instruction of the court could not cure the harm done thereby.

■ Appellant makes the contention that the arguments contrasted the wealth of appellant with the poverty of appellees, and appealed to the jury to array class against class. We do not so construe the argument. There is no mention in the argument about

the wealth of the appellant and the argument does not contrast the financial position of the parties. Appellant had the burden of showing that the argument was improper and that it was such that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191.

We have carefully considered the argument and we are of the opinion that it was not such that probably caused the rendition of an improper judgment. Furthermore, we believe the instruction of the court not to consider it cured any harm that may have been done thereby.

By his fifth and sixth points appellant complains of the action of the trial court in refusing to submit the following requested special issues:

"No. Three: Do you find from a preponderance of the evidence that the defendant in the burning of burrs at his gin, did so as a reasonably prudent gin operator would do?

"No. Four: Do you find from the preponderance of the evidence that plaintiffs' property will be rendered worthless and uninhabitable by the burning of burrs by the defendant King in the manner in which said burrs are burned?"

■ We find no merit in either of these points. The fact that appellant may have burned the burrs as a reasonably prudent gin operator would have done is no defense to appellees' asserted cause of action. The requested issues are not controlling. An affirmative answer thereto would not have entitled appellant to a judgment. Appellees did not have the burden of showing negligence on the part of appellant as a prerequisite for the obtaining of an injunction to abate the nuisance. Columbian Carbon Co. v. Tholen, Tex.Civ.App., 199 S.W.2d

825 (Writ Ref.); Soap Corporation of America v. Balis, Tex.Civ.App., 223 S.W. 2d 957 (Writ Ref.); 31 Tex.Jur. 421.

■ Appellees did not allege that their property will be rendered worthless and uninhabitable by the reason of the burning of the burrs at the gin. Such an allegation and proof thereof were not necessary to establish appellees' right to an injunction.

Appellant urges that the trial court erred in not overruling several exceptions to the pleading of appellees. We have considered the pleadings and find that the court did not err in refusing to sustain the exceptions thereto.

■ By his tenth point, appellant contends the trial court erred in permitting the witness Baise to testify over the objection of appellant that the cotton burrs could have been hauled away from the gin for a consideration of 75¢ per bale. Appellant says that there were no pleadings to authorize the admission of such testimony. Appellant, in his third amended answer alleges "and if plaintiff should be granted an injunction in this suit same would have the force and effect of putting this defendant out of business." Under this allegation, we believe the evidence was admissible.

We find no merit in appellant's tenth point which complains of the action of the trial court in admitting the testimony of the plaintiff Miller to the effect that "the odor from that stuff in unbearable." Appellant says there were no pleadings to authorize the admission of this testimony. We believe that when the evidence is properly construed that the witness was attempting to testify that the odor from the smoke which came from appellant's gin was unbearable.

We have carefully examined all points of error presented by appellant and find no merit in any of them. They are, therefore, accordingly overruled.

The judgment of the trial court is affirmed.