**D. H. THOMASON, Appellant,**

v.

**The CITY OF MIDLAND, Texas, et al.,**
Appellees.

**No. 5249.**

Court of Civil Appeals of Texas.

El Paso.

June 19, 1957.

Rehearing Denied July 24, 1957.

Stubbeman, McRae & Sealy, Midland, F. H. Pannill and Boyd Laughlin, Midland, of counsel, for appellant.

Bill B. Hart, City Atty., and Garland Casebier, Midland, and Blakeway & Hudson, Austin, for appellees.

FRASER, Justice.

This is an appeal from the District Court of Midland County, Texas, concerning a matter wherein the trial judge declined to issue a temporary injunction.

Plaintiff is the owner of a certain tract, or tracts, of property in the City of Midland, Texas, and desired to lease certain of his property to be used as a building center. He accordingly made application to the City Planning and Zoning Commission to have his property reclassified from "A" to "G" Zone. Appellee Devlan, Inc. also made similar application relating to an area owned by it in a different location. This area will be hereinafter referred to as the "north site," and the D. H. Thomason, or plaintiff's, property will be known as the "south site." It appears from the record that these first applications were both rejected by the Zoning Commission, in the hope that a joint, or compromise, plan could be worked out by the parties. Defendant then filed a new application to reclassify his north site, and plaintiff filed a new application to reclassify his south site. The City Planning and Zoning Commission, after hearing evidence, both documentary and from witnesses, rejected plaintiff's application and rec-

ommended to the City Council that defendant's north site be reclassified as applied for. Then, at a meeting of the City Council, November 8, 1956, this action of the Planning and Zoning Commission was approved and adopted as the resolution and order of the City Council of Midland.

Plaintiff then filed his petition, which he later amended, asking the District Court to grant a temporary restraining order, which was done, and then, upon hearing, grant a temporary injunction restraining the city from enacting the ordinance reclassifying the Devlan north site and declining to reclassify the Thomason south site. Plaintiff asked that the temporary injunction issue to hold matters in status quo until his appeal from the action of the city could be tried and heard on its merits, he having alleged that the resolution and proposed ordinance were arbitrary and not within the zoning power of the city, and would result in great financial loss to the plaintiff. He alleged that the action of the city was discriminatory, and maintains that the city, without solid reason, merely chose between the two applicants without due and proper consideration of the rights of plaintiff.

In his brief to this court, plaintiff asserts that he does not object, and has not objected, to the reclassification of the north site, but insists that the city abused its discretionary powers in refusing or declining to reclassify the south site.

Devlan intervened at the trial and appears before us as intervenor-appellee in this appeal.

■ It has long been established that he who seeks an injunction has the burden to establish facts entitling him to such injunctive relief. Jones v. Smith, Tex.Civ.App., 248 S.W.2d 1022; General Telephone Co. of the Southwest v. City of Eden, Tex.Civ. App., 281 S.W.2d 379, at page 384; Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903; King v. Miller, Tex.Civ.App., 280 S.W.2d 331. In this case, the burden was on the plaintiff to show that he did not have an adequate legal remedy; that he would suffer irreparable injury; and that the proposed action of the city was a clear abuse of municipal discretion. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

■ The record here indicates that the plaintiff was apparently unable to discharge this burden. For example, the record does not show that the plaintiff was able to negative the existence of an adequate legal remedy, an essential element in granting an injunction. It appears from the pleadings before the trial court that he had, and has, available to him the remedy of appeal from the action of the Midland City Council, as provided by its City Code and State statutes. With reference to irreparable injury, plaintiff says he does not object to that part of the resolution permitting reclassification of the Devlan site, but does assert that it should not be reclassified now, as that would give his competitor an earlier start in the development of a shopping center. He then asks that the other part of the resolution, which denied reclassification to his site, be canceled and the city ordered to pass the necessary ordinance reclassifying his site.

■ Summing up, we here, of course, do not pass on the merits of plaintiff's lawsuit, but merely hold that he has not shown himself entitled to an injunction, either restraining the city from reclassifying the Devlan site, or compelling the city to reclassify his property. And, of course, for us to order the trial court to mandamus the city to reclassify the plaintiff's property would be, in effect, to decide finally the entire case on its merits.

The trial court had before it exhibits with reference to the actions of the two city bodies, and the pleadings.

On the basis of the record before us, we do not believe that the plaintiff presented a sufficient case to entitle him to the injunc-

tion prayed for. We therefore hold that the trial judge did not abuse his discretion in refusing to grant such injunction.

Appellant's points are accordingly overruled, and the decision of the trial court affirmed.

WILLIAMS, J., not sitting.