**The MEADOW CORPORATION, Appellant,**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1973.

James B. Young, Louisville, for appellant.

David C. Brown, Stites & McElwain, Louisville, for appellee.

JONES, Justice.

This action was instituted in the Jefferson Circuit Court, Chancery Branch, Third Division, by appellee, South Central Bell Telephone Company, against appellant, The Meadow Corporation, seeking to enjoin it from shutting off heating and/or air conditioning for premises leased to South Central Bell. The Chancellor granted a temporary injunction, and upon a final hearing appellant was permanently enjoined from curtailing heating and/or air conditioning which the trial court held violated the terms of a lease which had been executed by the parties. The Meadow Corporation appealed from the judgment of the Jefferson Circuit Court.

In September 1969, Mr. Thomas J. Nolan, an officer and director of appellant, began negotiations with agents of the appellee to lease approximately twelve thousand square feet of office space in its Nolan Building at 2100 Gardiner Lane, in the city of Louisville. The parties reached agreement; and during November and December 1969, appellant remodeled the premises for appellee.

On January 9, 1970, Mr. Nolan executed the lease on behalf of appellant; and on January 16, 1970, the lease was executed by appellee.

The lease recites that the demised premises are to be used for a "Service Order Control Group" which is responsible for orders for new service, repair orders involving assignment of cable, and for developing the next day's routing for each telephone installer. Paragraph three specifies the services to be provided by appellant:

> The lessor will provide adequate parking, air conditioning, heating, lighting, electrical, water, floor covering, drapes, elevator service, toilet facilities and janitorial services. The lessee shall provide replacement lighting tubes and bulbs which will be installed by the lessor.

The only issue involved in this appeal is the construction and interpretation of paragraph three of the lease.

The Control Group that occupies the premises starts the day at 7:00 A.M.; however, due to the nature of its operations its work day often extends past 5:00 P.M. and into varying hours of the evening, as late as midnight.

On March 24, 1970, appellant advised appellee that no air conditioning or heating would be provided beyond 6:00 P.M. on week days or 1:00 P.M. on Saturdays; and on May 1, 1970, appellant shut down heating and air conditioning. Appellant's action necessitated appellee's obtaining a temporary injunction, which was made permanent by the trial court on March 8, 1971.

The curtailment of heating and air conditioning would make the premises unfit for appellee's intended use, would prevent its possession and peaceable enjoyment of the demised premises, and, therefore, would not be "adequate," as stipulated in paragraph three of the lease. When appel-

lant leased the premises to appellee, the agreement transferred to appellee the ownership rights of appellant except to the extent those rights are expressly reserved in the instrument. Evans v. Williams, 291 Ky. 484, 165 S.W.2d 52.

The trial court held that the duties of appellant-lessor and appellee-lessee were plainly set out in paragraph three, supra, that there was no ambiguity, and that the lease speaks for itself.

We are of the opinion that the Chancellor who heard and considered the evidence and the applicable law correctly construed the lease.

The judgment is affirmed.

PALMORE, C. J., and JONES, OS-BORNE, REED and STEPHENSON, JJ., sitting.

All concur.