**GIHLS PROPERTIES, INC. and Gihls Realty and Management Corp., Appellants,**

v.

**MAIN LAFRENTZ & CO., Appellee.**

No. 6542.

Court of Civil Appeals of Texas, El Paso.

Sept. 15, 1976.

Rassman, Gunter & Boldrick, Emil C. Rassman, James P. Boldrick, Midland, for appellants.

Bullock, Scott & Neisig, Tom R. Scott, Midland, for appellee.

## OPINION

OSBORN, Justice.

This case involves the obligation of a landlord to furnish a tenant heating and air conditioning at what might be considered other than normal business hours. The trial Court issued a temporary injunction requiring that such services be furnished at certain specified hours during the week and on weekends. Having concluded that there is no showing of an irreparable injury, the injunction is dissolved.

In October, 1968, Appellee entered into a ten-year lease agreement for the fifth floor of the Wilkinson-Foster Building in Midland. Although the lease does not specifically state that heating and air conditioning shall be provided, it does state:

"Lessor agrees and covenants that it will, during the term of this lease, at its expense, keep the building and premises and the heating and air-conditioning units therein in good and substantial repair and in tenantable condition * *."

Obviously, for the lessor to keep the building and premises in a tenantable condition, heating and air conditioning would be necessary. Appellee has approximately thirty employees in its Midland accounting office who do mostly tax and audit work. During the "tax season" from January to April 15, these employees work from 7:30 a. m. to 7:00 p. m. five days a week, and from 8:00 a. m. to 6:00 p. m. on Saturdays and Sundays. From the time the offices were occupied in 1969 until 1974, the landlord always provided adequate heat and air conditioning during regular working hours and also on evenings and weekends. The building was purchased by Appellants in June, 1972, and they assumed the lease obligation of the seller and service continued as in the past. After the energy crisis in 1974, Appellant became concerned over rising costs in maintaining and operating the building occupied by Appellee. Although the air conditioning may have been shut off on a couple of weekends in 1974, when a request for service was made it was provided without any problem.

When such service was not provided in March, 1975, a partner in the accounting firm wrote to the president of the realty company requesting adequate heating and cooling as required on Saturdays and Sundays. In reply, he was advised that such service would be provided until noon on Saturdays, and any service on Saturday afternoons or Sundays would be provided at a cost of $10.34 per hour to the accounting firm. This having occurred in the middle of the tax season, the Appellee agreed to pay such cost at that time, but stated it did not accept such construction of the lease and desired to settle the issue after the tax season was over. The sum of $962.00 was paid in 1975 for such service on weekends. In January, 1976, Appellee filed this suit for a declaratory judgment as to the rights of the parties under the lease agreement and for injunctive relief, and obtained the tem-

porary injunction which resulted in this appeal.

We sustain the Appellants' second point of error in which it is contended that Appellee failed to sustain its burden of proving the necessary elements entitling it to a temporary injunction. The general rule as to such relief is stated in *Thomason v. City of Midland*, 304 S.W.2d 288 (Tex.Civ.App.—El Paso 1957, no writ), as follows:

"It has long been established that he who seeks an injunction has the burden to establish facts entitling him to such injunctive relief. *Jones v. Smith*, Tex. Civ.App., 248 S.W.2d 1022; *General Telephone Co. of the Southwest v. City of Eden*, Tex.Civ.App., 281 S.W.2d 379, at page 384; *Lamb v. Kinslow*, Tex.Civ. App., 256 S.W.2d 903; *King v. Miller*, Tex.Civ.App., 280 S.W.2d 331. In this case, the burden was on the plaintiff to show that he did not have an adequate legal remedy; that he would suffer irreparable injury * * *."

An "irreparable injury" is stated to be "an injury of such nature that the injured party cannot be adequately compensated therefor in damages, or that the damages which result therefrom cannot be measured by any certain pecuniary standard." Lowe, Texas Practice, Vol. 6, Sec. 114. In this case, the Appellant never refused to provide the requested service of heating and cooling the building. If it had refused service, there would have been no adequate remedy at law, and an injunction would have been proper. But, instead it required payment of $10.34 per hour for such service. Appellant by its reply to the request for service established a definite measure of damages based upon the amount of service requested. We believe Appellee could have requested the service at such hours as was needed, paid under protest, and sued for recovery of the sums it was required to pay. A recovery of such payment would be an adequate remedy. There is no contention that Appellees are insolvent or unable to pay any judgment rendered against them. Certainly any recovery could be set off against current rent for the leased premises. Thus, an adequate remedy at law did in fact exist, and the extraordinary remedy of an injunction should not have been granted. *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 388 S.W.2d 204 (Tex.Civ. App.—Eastland 1965, no writ).

The Appellee relies primarily upon *Meadow Corporation v. South Central Bell Telephone Company*, 499 S.W.2d 280 (Ky.Ct. App.1973); *Columbus Spa, Inc. v. Star Co.*, 216 App.Div. 218, 214 N.Y.S. 653 (Sup.Ct. 1926); and *Halperin v. McCrory Stores Corporation*, 207 App.Div. 448, 202 N.Y.S. 385 (Sup.Ct.1923). While those cases may very well be controlling upon the merits of this case, they are not applicable on the issue of injunctive relief. There is no indication in those cases that the landlord would have provided the heating or air conditioning service beyond normal hours had the tenant agreed to pay for such service while the lease was being interpreted in a declaratory judgment action. In fact, the opinion in the *Halperin* case indicates that service had in fact been cut off by the landlord when the injunctive relief was sought in that case. In the *Meadow* case, the landlord advised the appellee that no heating or air conditioning would be provided beyond a given date, thus necessitating the granting of injunctive relief. Those cases are distinguishable from this case where the landlord agreed, and was willing, and in fact did provide heating and air conditioning service beyond normal hours but demanded payment for such service.

The order of the trial Court is reversed, and the temporary injunction is dissolved.