CITY OF AUSTIN, Appellant,

v.

Sidney SCHONFELD, et al., Appellees.

No. 13449.

Court of Appeals of Texas,
Austin.

Oct. 7, 1981.

Rehearing Denied Nov. 12, 1981.

---

Jerry L. Harris, City Atty., Richard C. Balough, Asst. City Atty., Austin, for appellant.

James W. Minor, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant, the City of Austin appeals the grant of a temporary injunction entered in a suit brought by appellees for permanent injunction, money damages and attorney's fees. Appellees are the record owners of two apartment complexes located in Austin.[1] The Schonfelds have owned the complexes since March of 1978. The City contracted with appellees' lessee, K. B. Property Management Corp., to supply the electric and water service to the complexes.[2] On July 8, 1980, the service was changed to Continental American Properties under a contract with appellees. Appellees have refused to pay for electric and water service incurred by their former lessee, K. B. Property Management, prior to July 8, 1980, which amounts to over $35,000 before penalties. The City continues, however, to bill appellees for such services. Appellees appealed the billing in accordance with Austin's Service Regulations, Section VIII. An informal and a formal hearing were held and the City concluded that appellees were liable for the amount owed. The City informed appellees that unless the amount owed was paid or arrangements were made to pay it, the electricity would be cut off.

Appellees then filed this lawsuit, obtained a temporary restraining order and, following the hearing, a temporary injunction to

---

1. The appellees are Sidney Schonfeld, his wife, Marie Schonfeld and their son, Robert Schonfeld.

2. The City of Austin alleged appellees and K. B. Property Management Corp. were partners, making appellees vicariously liable for the debt claimed by the City. No evidence was offered to substantiate the allegations. The bona fides of the lease and the corporate nature of the lessee were not challenged.

prevent the threatened termination of electric service. Appellant City has duly perfected its appeal to this Court.

We affirm the judgment of the trial court.

Appellant is before this Court on three points of error, namely the trial court erred in granting the temporary injunction because: there is no evidence appellees would suffer irreparable harm, that appellees have an adequate remedy at law; and lastly, there is no evidence appellees will ultimately succeed on the merits.

■ When a customer of a public utility presents a good faith claim, based upon reasonable grounds, that he does not owe an amount claimed by the public utility, then the utility may not terminate the service prior to a judicial determination of the correctness of its decision. *Southwestern Gas & Electric Co. v. Stanley*, 123 Tex. 157, 70 S.W.2d 413 (1934). A temporary injunction may properly be issued to prevent the termination of service in such a circumstance, *Vinson v. City of Winters*, 178 S.W.2d 142 (Tex.Civ.App.—Austin 1944, no writ).

Appellees presented evidence to show that K. B. Property Management Corp. was receiving and was being billed for the electric service. In July 1980, appellees had the service changed to Continental American Properties. An $18,000 letter of credit was given to the City in lieu of a deposit. The City also received at this time numerous letters stating that "Bromet Property Management Corp." would not be responsible for the utility bills in the future.

■ The City's claim that appellees changed names only to avoid or evade the payment of their utility bills is without support in the record. There is no evidence to show that appellees and the K. B. Property Management Corp. are alter egos. There is no evidence that K. B. Property Management Corp. was appellees' agent or partner. The City did not present any evidence showing a basis for holding appellees vicariously liable for debts incurred by K. B. Property Management Corp.

Section V, Paragraph 2, of the City's Utility Service Regulation, states "Utility service may not be disconnected for any of the following reasons: (a) Delinquency in payment for service by a previous customer at the service address." The mere fact that appellees owned the apartments does not make them automatically liable for the cost of electricity that was consumed there. On the facts contained in the record, appellees have shown that they would probably succeed on the merits of the case.

■ Appellant claims that that appellees have an adequate remedy at law in that they could pay the amount in dispute and then sue for the recovery. Appellant mistakenly relies on *Gihls Properties, Inc. v. Main Lafrentz & Co.*, 542 S.W.2d 203 (Tex. Civ.App.—El Paso 1976, no writ). In that case, a tenant and landlord had a dispute over the cost of heating and air conditioning after regular business hours. The landlord offered to supply such services if the tenant would pay $10.34 an hour for them. In reversing the trial court's issuance of an injunction, the court stated the tenant could have paid the amounts demanded under protest and sued for recovery of the sums paid.

Appellees *are* paying for the electric services received after July 1980. There is no indication that appellees will not continue to pay for the services they receive in the future. The tenant in *Gihls* refused to pay for future services. The issue in the case at bar is not whether appellees will pay for the services to be furnished, but whether they are liable for services originally billed to a third party.

Paying a third party's debt in order to prevent termination of electrical service, where the termination is against the City's regulations and then suing to recover that amount is not an adequate remedy at law.

The trial court did not abuse its discretion in issuing the injunction. The judgment of the trial court is affirmed.